ORIGINAL
FILED

07 MAY 18 AM 10: 01

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  MICHAEL R. SHERWOOD, State Bar No. 63702
   GEORGE M. TORGUN, State Bar No. 222085
2  Earthjustice
   426 17th Street, 5th Floor
3  Oakland, CA 94612
   (510) 550-6725
4
   MICHAEL GRAF, State Bar No. 136172
5  Law Offices
   227 Behrens Street
6  El Cerrito, CA 94530
   (510) 525-7222
7
   Attorneys for Plaintiffs Sierra Forest Legacy, Sierra Club,
8  and California Native Plant Society

9  RACHEL M. FAZIO, State Bar No. 187580
   John Muir Project
10 P.O. Box 697                           E-filing
   Cedar Ridge, CA 95924
11 (530) 273-9290

12 Attorney for Plaintiff Earth Island Institute             *JCS*

13
                   IN THE UNITED STATES DISTRICT COURT
14                FOR THE NORTHERN DISTRICT OF CALIFORNIA

15
   SIERRA FOREST LEGACY, SIERRA CLUB,        )   Case No:  **C 07     2646**
16 EARTH ISLAND INSTITUTE, and CALIFORNIA    )
   NATIVE PLANT SOCIETY, non-profit          )
17 organizations,                            )
                                             )   ADMINISTRATIVE MOTION TO
18             Plaintiffs,                    )   CONSIDER WHETHER CASES SHOULD
                                             )   BE RELATED
19        v.                                  )
                                             )
20 BERNARD WEINGARDT, in his official capacity)
   as Regional Forester, Region 5, United States )
21 Service, EDWARD COLE, in his official capacity as)
   Forest Supervisor, Sierra National Forest, United )
22 States Forest Service, ABIGAIL R. KIMBELL, in )
   her official capacity as Chief of the United States )
23 Forest Service, and UNITED STATES FOREST  )
   SERVICE, an agency of the United States   )
24 Department of Agriculture,                 )
                                             )
25             Defendants.                    )
   _____)
26

27

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1

## INTRODUCTION

2      Pursuant to Civil Local Rule 3-12, plaintiffs Sierra Forest Legacy, *et al.* notify the Court and

3  parties that the instant case is related to an earlier action on file in this Court and decided by the Hon.

4  Charles R. Breyer: *Sierra Club, et. al. v. Bosworth, et al.*, No. C 05-00397 CRB (N.D. Cal. Aug. 25,

5  2006) ("*Sierra Club v. Bosworth*"). Because these two cases concern substantially the same parties,

6  property, and events, including many common facts and questions of law, plaintiffs submit that the

7  cases are related within the meaning of Civil Local Rule 3-12 and that assignment of the instant case

8  to Judge Breyer would result in a substantial savings of judicial effort and avoid conflicting results.

9

## STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

10  **I.      Both Actions Concern Substantially the Same Parties.**

11      In the instant case, plaintiffs Sierra Forest Legacy, Sierra Club, Earth Island Institute, and the

12  California Native Plant Society challenge the approval of the Kings River Project ("Project") by the

13  United States Forest Service ('Forest Service") and its responsible officials. The previous action,

14  *Sierra Club v. Bosworth*, was also brought by plaintiffs Sierra Forest Legacy (then known as the

15  Sierra Nevada Forest Protection Campaign), Sierra Club, Earth Island Institute, and others against

16  the Forest Service and its responsible officials for approval of the Giant Sequoia National Monument

17  Management Plan ("Monument Plan").

18  **II.      Both Actions Concern Substantially the Same Property.**

19      In the instant action, plaintiffs filed suit against the Kings River Project, a massive program

20  of logging, herbicide treatments, and prescribed fire on 131,500 acres of Sierra National Forest in the

21  southern Sierra Nevada. In *Sierra Club v. Bosworth*, plaintiffs challenged the Forest Service's

22  approval of the Giant Sequoia National Monument Management Plan, which authorized large-scale

23  logging on 328,000 acres of Monument lands established within Sequoia National Forest and

24  immediately adjacent to Sierra National Forest in the southern Sierra Nevada. Plaintiffs in both

25  actions are particularly concerned about adverse impacts of the proposed activities on the

26  endangered Pacific fisher, a forest carnivore that inhabits dense, old forest habitat in the southern

27  Sierra Nevada. Both the Kings River Project and the Giant Sequoia National Monument are located

28

1   within the Southern Sierra Nevada Fisher Conservation Area, a region of Sierra and Sequoia

2   National Forests designated for protection by the Forest Service in 2001.

3   **III.    Both Actions Concern Substantially the Same Events.**

4   In the instant case, plaintiffs allege that the Forest Service's approval of the Kings River

5   Project violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, by

6   failing to provide adequate information or analysis regarding the Project's likely environmental

7   impacts on the Pacific fisher and other old forest species and on wildfire risk. Plaintiffs further

8   allege that the Forest Service violated NEPA by failing to adequately respond to scientific

9   information and public comments with respect to the fisher and other species. In addition, plaintiffs

10  contend that the Forest Service violated the National Forest Management Act ("NFMA"), 16 U.S.C.

11  § 1604, by failing to insure the viability and distribution of the Pacific fisher, and by failing to gather

12  and disclose legally required monitoring data for numerous at-risk species.

13  In *Sierra Club v. Bosworth*, plaintiffs alleged that the Forest Service violated NEPA in its

14  approval of the Giant Sequoia National Monument Management Plan by failing to adequately

15  consider impacts on the fisher and other old forest species and on wildfire risk, and by failing to

16  meaningfully analyze or respond to scientific information and opposition with respect to the fisher.

17  In addition, plaintiffs in *Sierra Club v. Bosworth* challenged the Forest Service's implementation of

18  four specific timber sales located in and around the Monument based on significant new information

19  regarding the imperiled status of and habitat requirements for the fisher, which mandated a

20  supplemental NEPA analysis.[1]

21

22

23  [1] In an Order dated March 9, 2005, *Sierra Club v. Bosworth* was related to *People of the State of*
    *California, ex rel. Bill Lockyer v. United States Forest Service, et al.*, No. C 05-00898 CRB
24  ("*California v. Forest Service*") and *People of the State of California v. United States Forest Service*,
25  No. C 04-02588 CRB ("*California v. Forest Service II*"). In *California v. Forest Service*, the State
    of California filed suit against the Forest Service's approval of the Giant Sequoia National
26  Monument Management Plan, alleging, among other things, that the agency violated NEPA by
    failing to adequately analyze impacts to the Pacific fisher. In *California v. Forest Service II*, the
27  State of California challenged the lack of NEPA analysis undertaken by the Forest Service in its
28  approval of the Sequoia National Forest Fire Plan. All of these cases were assigned for all purposes
    to Judge Breyer.

1         In 2005, Judge Breyer found that the Forest Service had failed to conduct a proper NEPA
2   analysis regarding two of the timber sales located in and around the Monument, and preliminarily
3   enjoined the proposed logging. *Sierra Club v. Bosworth*, No. C 05-00397 CRB (N.D. Cal. Sept. 9,
4   2005); *Sierra Club v. Bosworth*, No. C 05-00397 CRB (N.D. Cal. Nov. 11, 2005).  On August 25,
5   2006, Judge Breyer held that the Monument Plan violated NEPA in all respects alleged by plaintiffs
6   and the State of California, and permanently enjoined the four specific timber sales due to the Forest
7   Service's failure to adequately consider impacts on the fisher. *Sierra Club v. Bosworth*, No. C 05-
8   00397 CRB (N.D. Cal. Aug. 25, 2006); *California v. Forest Service*, No. C 05-00898 CRB (N.D.
9   Cal. Aug. 25, 2006).

10         In sum, the cases above share substantially the same parties, property, and events.  Sierra
11   Forest Legacy, Sierra Club, and Earth Island Institute are plaintiffs in both the instant case and in
12   *Sierra Club v. Bosworth*.  The Forest Service and Forest Service officials are defendants in both
13   actions.  In addition, both cases allege that the Forest Service violated NEPA in approving and
14   implementing logging projects and other activities in key habitat for the imperiled Pacific fisher in
15   the southern Sierra Nevada.

16   **IV.   Assignment to the Same Judge Will Avoid Unduly Burdensome Duplication of Labor
17         and Expense and Will Avoid Conflicting Results.**

18         The instant case and *Sierra Club v. Bosworth* involve many of the same facts and questions
19   of law such that their assignment to the same Judge is likely to conserve significant judicial
20   resources and prevent an unduly burdensome duplication of labor.  Both cases are consecutive
21   chapters in the management of southern Sierra Nevada National Forests and involve the Forest
22   Service's approval of logging and other activities in the southern Sierra Nevada, and therefore share
23   much of the same regulatory history.  Moreover, many scientific facts regarding the biology of the
24   Pacific fisher and other old forest species, as well as scientific research and information regarding
25   fire ecology, are common to these actions.  In fact, leading scientific experts on the Pacific fisher and
26   wildfire behavior in the southern Sierra Nevada testified before Judge Breyer and submitted
27   declarations during the proceedings in *Sierra Club v. Bosworth*.

28

1        In addition, both cases share common questions of law regarding the requirements of NEPA

2    in the Forest Service's management of lands in the southern Sierra Nevada. In *Sierra Club v.*

3    *Bosworth*, the Court resolved whether the Forest Service had adequately analyzed the impacts to old

4    forest species and wildfire risk from the logging proposed by the Monument Plan and specific timber

5    sales. In the instant case, the Court must determine whether the Forest Service provided adequate

6    information or analysis regarding the impacts on old forest species and wildfire risk from the Kings

7    River Project. Moreover, the cases involve common questions of law regarding the Forest Service's

8    duty to ensure the scientific integrity of its analysis and to meaningfully respond to scientific

9    information and opposition on these issues. Finally, both cases potentially raise similar legal

10   questions regarding the appropriate remedy in cases where the Forest Service is found to have

11   approved a logging project in violation of the law.

12                          **CONCLUSION**

13       Because these cases concern substantially the same parties, property, and events, plaintiffs

14   respectfully submit that the instant action is related to *Sierra Club v. Bosworth*, and, in order to

15   promote judicial economy and avoid the possibility of conflicting results, should be reassigned to the

16   Hon. Charles R. Breyer.

17

18   DATED: May 18 , 2007                    Respectfully submitted,

19

20                                           GEORGE M. TORGUN

21                                           MICHAEL R. SHERWOOD
                                             MICHAEL GRAF

22

23                                           Attorneys for Plaintiffs Sierra Forest Legacy,
                                             Sierra Club, and California Native Plant Society

24

25                                           /s/ Rachel Fazio (as authorized May 18, 2007)
                                             RACHEL M. FAZIO

26

27                                           Attorney for Plaintiff Earth Island Institute

28

**PROOF OF SERVICE**

1

2        I am a citizen of the United States of America and a resident of the City and County of San

3    Francisco; I am over the age of 18 years and not a party to the within entitled action; my business

4    address is 426 17th Street, 5th Floor, Oakland, California.

5        I hereby certify that on May 18, 2007, I served by U.S. first class mail one true copy of the

6    foregoing document on the parties in each potentially related action, as follows:

7    Rachel Anne Dougan
     U.S. Department of Justice
8    ENR Division
     P.O. Box 663, Ben Franklin Station
9    Washington, DC  20044-0663

10   Cynthia S. Huber
     U.S. Department of Justice
11   ENR Division
     P.O. Box 663, Ben Franklin Station
12   Washington, DC  20044-0663

13   Alex Kriegsman
     U.S. Department of Justice
14   ENR Division
     P.O. Box 663, Ben Franklin Station
15   Washington, DC  20044-0663

16   Sally Magnani Knox
     Office of the Attorney General
17   1515 Clay Street, Ste. 2000
     P.O. Box 70550
18   Oakland, CA  94612-0550

19   Claudia Polsky
     Office of the Attorney General
20   1515 Clay Street, Ste. 2000
     P.O. Box 70550
21   Oakland, CA  94612-0550

Scott W. Horngren
Haglund Kelley Horngren Jones & Wilder LLP
101 SW Main Street, Ste. 1800
Portland, OR  97204

Dennis Mac Wilson
Wilson Law Firm
7801 Folsom Blvd., Ste. 105
Sacramento, CA  95826

Patrick Gallagher
Sierra Club
85 Second Street
San Francisco, CA  94105

Sanjay Narayan
Sierra Club
85 Second Street
San Francisco, CA  94105

Eric E. Huber
Sierra Club
2260 Baseline Road, Ste. 105
Boulder, CO  80302

22        I certify under penalty of perjury that the foregoing is true and correct.  Executed on May 18,

23    2007, in Oakland, California.

24

25                John W. Wall

26

27

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED