1  RONALD J. TENPAS
   Acting Assistant Attorney General
2  Environment & Natural Resources Division
   CYNTHIA HUBER
3  Assistant Section Chief
   United States Department of Justice
4  Environment & Natural Resources Division
   P.O. Box 663
5  Washington, DC 20044-0663
   BARCLAY SAMFORD
6  Trial Attorney
   Natural Resources Section
7  Environment & Natural Resources Division
   U.S. Department of Justice
8  1961 Stout Street - 8th Floor
   Denver, CO 80294
9  Telephone:    (303) 844-1475
   Facsimile:    (303) 844-1350
10
   Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations,<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>Defendants. | Case No. C 07 2646 JCS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RELATE Case No. C 07-2446 JCS AND Case No. C 05-00397 CRB** |

Plaintiffs request, pursuant to Local Rule 3-12, that the Court consider whether their newly filed action, Sierra Forest Legacy v. Weingardt, Case No. C 07-2646 JCS, is related to Sierra Club v. Bosworth, Case No. C 05-00397 CRB, a case decided by on August 26, 2006. Plaintiffs contend that the cases are related, and that Sierra Forest Legacy v. Weingardt, should be assigned to the Hon. Charles R. Breyer, the Judge who decided Sierra Club v. Bosworth. Defendants respectfully submit that the two matters are not related.

Local Rule 3-12(a) provides that cases are related when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." As explained below, with the sole exception of involving substantially the same parties, the two cases meet none of the requirements of Rule 3-12(a), and are not related.[1]

**I.     The Fact that the Cases Concern Substantially the Same Parties is Irrelevant.**

Plaintiffs correctly note that plaintiffs in Sierra Club v. Bosworth and Sierra Forest Legacy v. Weingardt are substantially the same. This fact is unremarkable. The Forest Service and the plaintiff environmental organizations are frequently parties to litigation over the management of the natural resources within the Sierra Nevada region, and it would make little sense to base a determination of related cases on the presence of such repeat litigators.[2]

**II.    The Cases do Not Concern Substantially the Same Property**.

Sierra Club v. Bosworth involved a challenge to the Forest Service's management plan for the Giant Sequoia National Monument and four separate timber sales. The Monument and all four timber sales were located entirely within the Sequoia National Forest. See Order of Aug. 25, 2006 [Doc. No. 210, Case No. 05-0397] at 3. In contrast, the Kings River Project is located entirely within the Sierra National Forest. Kings River ROD at 1 (attached hereto as Exh. A). It

---

[1]     Defendants also believe the proper venue for Sierra Forest Legacy v. Weingardt is the Eastern District of California, and are concurrently filing a motion to transfer venue.

[2]     A cursory Westlaw search by the undersigned counsel reveals more than 80 cases in this Circuit involving one or more of the plaintiff groups here and the Forest Service as defendant.

is neither within nor adjacent to the Monument.

Plaintiffs note that both the Monument and the Kings River Project are located within the Southern Sierra Fisher Conservation Area ("SSFCA"). Plaintiffs fail to mention, however, that the SSFCA encompasses over one million acres of Forest Service land. AR 2216 (2001 Framework EIS). Moreover, if location in the SSFCA is grounds for relating cases, then it should be noted that several of the plaintiff groups are parties to a pending case in Eastern District of California which directly challenges management of the SSFCA.[3]/ Defendants respectfully submit that the fact that two projects occur within different parts of the same one million acre area does not mean they concern the "same property" under Local Rule 3-12.

**III.    The Cases Concern Unrelated Events and Legal Issues.**

Plaintiffs assert that Sierra Club v. Bosworth and Sierra Forest Legacy v. Wiengardt are related because both cases include claims that the Forest Service failed to adequately address the Pacific fisher under NEPA. Pls.' Mtn. to Relate at 2. However, the superficial fact that the two cases involve the same statute and species does not prove they are related. In fact, they derive from vastly different factual settings and regulatory regimes, and pose distinct legal issues.

In Sierra Club v. Bosworth plaintiffs brought a programmatic challenge to the Forest Service's management plan for the Monument, as well as to the legality of four logging projects. See Order of Aug. 25, 2006 [Doc. No. 210, Case No. 05-0397] at 1. Nothing in the Court's resolution of the programmatic challenge to the Monument Plan is related to Plaintiffs' new project specific challenge to the Kings River Project. See Doc. No. 71, Case No. 05-0898 (discussing grounds for invalidating Monument Plan). Nor is the Kings River Project, which occurs within the Sierra National Forest, in any way related to the Monument Plan.

The four timber sales at issue in Sierra Club v. Bosworth are also factually and legally unrelated to the Kings River Project. Those projects were authorized in 1999 and 2001 after preparation of Environmental Assessments ("EAs") and Findings of No Significant Impact

---

[3]/    Plaintiff Sierra Forest Legacy and Sierra Club are also parties in Sierra Nevada Forest Proetection Campaign et al. v. Rey, Civ-S-05-0205 MCE/GGH, which alleges that the 2004 Sierra Nevada Framework, which sets governing standards that cover the SSFCA, will harm the fisher.

1 ("FONSIs") under NEPA.  See Order of Aug. 25, 2006 [Doc. No. 210, Case No. 05-00397] at 3.

2 In 2005, responding the Fish and Wildlife Service's 2004 determination that the Pacific fisher

3 meets the criteria to be listed as an endangered species, the Agency prepared Supplemental

4 Information Reports ("SIRs") to address the new fisher information.  Id. at 3.  Thus, the legal

5 issue before the Court was whether the Forest Service had appropriately considered the new

6 information through a SIR.  See id. at 1.[4]/

7 In Sierra Forest Legacy v. Weingardt, while the fisher may still concern Plaintiffs, the

8 legal and factual setting is different.  For the Kings River Project, the Agency prepared a full

9 EIS, rather than an EA/FONSI, and that 2007 document addresses all currently available fisher

10 information.  As a matter of NEPA law, the question before the Court will be whether the

11 disclosure of impacts to the fisher was adequate, rather then whether the Agency adequately

12 addressed new information through an SIR.[5]/  Moreover, Plaintiffs in Sierra Forest Legacy v.

13 Weingardt raise claims under NFMA which were not raised in Sierra Club v. Bosworth.

14 Finally, the regulatory underpinnings of the two cases are distinct.  The challenged

15 projects in Sierra Club v. Bosworth were issued pursuant to the Sequoia Forest Plan as amended

16 by the 1993 California Spotted Owl Guidelines.  See Order of Aug. 25, 2006 [Doc. No. 210,

17 Case No. 05-0397] at 3.  In contrast, the Kings River Project was issued pursuant to the Sierra

18 Forest Plan as amended by the 2004 Sierra Nevada Framework.

19 **IV.    Relating the Cases Would Not Avoid Duplication of Labor and Expense.**

20 Plaintiffs also suggest that assignment of Sierra Forest Legacy v. Weingardt to the same

21 judge that heard Sierra Club v. Bosworth will "avoid unduly burdensome duplication of labor

---

[4]/    The Court also resolved a host of other issues unrelated to the Kings River project, including whether the challenged projects there were ongoing major federal actions (id. at *7-11).

[5]/    The legal questions before the court when addressing an EIS rather than an EA are also different.  To demonstrate inadequacy of an EA, plaintiffs need only show "the proposed project may significantly degrade some human environmental factor."  Sierra Club v. U.S. Forest Serv., 843 F.2d 1190, 1193 (9th Cir. 1988).  An EIS, in contrast, is reviewed to determine whether it "contains a 'reasonably thorough discussion of significant aspects of the probable environmental consequences.'"  Center for Biological Diversity v. U.S. Forest Serv., 349 F.3d 1157, 1166 (9th Cir. 2003) quoting Kern v. U.S. Bureau of Land Mgmt., 284 F.3d 1062, 1071 (9th Cir. 2002).

1 and expense" because this the cases involve the "same facts and question of law," and because
2 Court is already familiar with the "scientific facts" regarding fisher biology and fire ecology.
3 Pls.' Mtn. to Relate at 3.

4 First, there is no duplication of labor or expense between the newly filed Sierra Forest
5 Legacy v. Weingardt and the already decided Sierra Club v. Bosworth. At issue in Sierra Club
6 v. Bosworth was the validity of the Plan for the Giant Sequoia National Monument and four
7 individual timber sales. Each of those claims was reviewed on the basis of the administrative
8 record relied on by the Forest Service in making the challenged decisions. Camp v. Pitts, 411
9 U.S. 138, 142 (1973) (APA review is to be based upon the administrative record before the
10 agency). See also Doc. No. 210, Case No. 05-0397. In the newly filed Sierra Forest Legacy v.
11 Weingardt, Plaintiffs challenge the Kings River Project. Review of that claim will be based on
12 the separate administrative record prepared for that project. Relating the cases will not relieve
13 either the litigants from the duty to base their arguments on the administrative record for the
14 Kings River Project, or the Court from the duty to review the that record in reaching its decision.

15 Second, Plaintiffs assert that duplication of labor and expense will be avoided because
16 Judge Breyer, who heard and decided Sierra Club v. Bosworth, is "already familiar" with some
17 of the issue to be raised in Sierra Forest Legacy v. Weingardt. Plaintiffs emphasize that "leading
18 scientific experts on the Pacific fisher and wildlife behavior in the southern Sierra Nevada
19 testified before Judge Breyer and submitted declarations during the proceedings in Sierra Club v.
20 Bosworth." Pls.' Mtn. to Relate at 3. It is clear, however, that a given judge's prior knowledge
21 is an inappropriate basis for relating cases: "[j]udges, if faithful to their oath, approach every
22 aspect of each case with a neutral and objective disposition. They understand their duty to
23 render objective decisions upon a proper record and to disregard earlier judicial contacts with a
24 case or party." Liteky v. United States, 510 U.S. 540, 561-62 (1994) (Kennedy, Blackmun,
25 Stevens, and Souter, JJ., concurring). Thus, any special knowledge this Court allegedly gained
26 from hearing Sierra Club v. Bosworth "should be 'put aside' or 'disregard[ed]' for purposes of
27 this case." United States v. Phillips, 59 F. Supp. 2d 1178, 1184 (D. Utah 1999) (citing Liteky,
28 510 U.S. at 562-63). Moreover, familiarity that the Court "may have with the issues and the

Defs.' Resp. to Plfs.' Mtn. to Relate - C 07-2646 JCS                                        - 4 -

1  defendants from a prior case cannot support reassignment of this case." Phillips, 59 F. Supp. 2d at 1185 (re-filed criminal case could not be reassigned to judge who heard motions in action prior to dismissal without prejudice).

Thus, because review of the Kings River Project will be based on its own administrative record, and because a court's existing familiarity with the issues is an improper basis for relating cases, relating these cases will not "avoid unduly burdensome duplication of labor and expense."

**V.    There is No Risk of Conflicting Results.**

There is no risk that the adjudication of Sierra Forest Legacy v. Weingardt will create "conflicting results" with the existing opinion in Sierra Club v. Bosworth. First, the two cases involve different legal and factual issues. Neither the Monument Plan nor of the four timber sales at issue in Sierra Club v. Bosworth are at issue in the Sierra Forest Legacy v. Weingardt. While the two cases both generally involve evaluation of the fisher under NEPA, the legal questions surrounding that evaluation are distinct.

Second, even if the legal issues were the same, this is not situation where the cases are proceeding simultaneously. Sierra Club v. Bosworth was decided almost a year ago. Thus any court deciding Sierra Forest Legacy v. Weingardt will afford Sierra Club v. Bosworth all the respect due another district court in the same Circuit. The principles of comity and respect for persuasive authority which normally operate to prevent two district courts in the same jurisdiction for issuing conflicting results would also prevent conflicting results here.

**CONCLUSION**

For the reasons set forth above, Sierra Forest Legacy v. Weingardt and Sierra Club v. Bosworth are not related cases under Local Rule 3-12(a).

Respectfully submitted this 1st day of June, 2007,

        RONALD J. TENPAS
        Acting Assistant Attorney General
        Environment & Natural Resources Division

        /s/ Barclay Samford
        BARCLAY SAMFORD
        Trial Attorney
        Natural Resources Section
        Environment & Natural Resources Division

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. Department of Justice
1961 Stout Street - 8th Floor
Denver, CO 80294
Telephone:    (303) 844-1475
Facsimile:     (303) 844-1350

CYNTHIA HUBER
Assistant Section Chief
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

Attorneys for Defendants

## **ATTACHMENTS**

| A | Record of Decision for Kings River Project (Dec. 20, 2006) |
|---|---|