1  RONALD J. TENPAS
   Acting Assistant Attorney General
2  Environment & Natural Resources Division
   CYNTHIA HUBER
3  Assistant Section Chief
   United States Department of Justice
4  Environment & Natural Resources Division
   P.O. Box 663
5  Washington, DC 20044-0663
   BARCLAY SAMFORD
6  Trial Attorney
   Natural Resources Section
7  Environment & Natural Resources Division
   U.S. Department of Justice
8  1961 Stout Street - 8th Floor
   Denver, CO 80294
9  Telephone:   (303) 844-1475
   Facsimile:   (303) 844-1350
10
   Attorneys for Defendants
11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB, EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations,<br><br>    Plaintiffs,<br><br>v.<br><br>BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>    Defendants. | CASE NO:  07-2646 JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:  July 6, 2007<br>TIME:  9:30 a.m.<br>JUDGE:  Hon. Joseph C. Spero |

Defs.' Mot. to Transfer Venue

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 6, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of Magistrate Judge Joseph Spero of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Federal Defendants will move this Court, pursuant to 28 U.S.C. § 1404 and Local Civil Rule 3-2(f) to transfer this case to the United States District Court for the Eastern District of California.

The motion will be made on the grounds that the case should be transferred based on the location of the events at issue for the convenience of the parties and the witnesses, and in the interests of justice. Said motion will be based upon this Notice of Motion and Motion and supporting Memorandum of Points and Authorities, upon the other pleadings and other documents filed herein, and upon such further evidence and oral argument as may be presented at the hearing of the motion. Defendants have conferred with Plaintiffs, and Plaintiffs oppose this motion to transfer venue.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO TRANSFER VENUE**

**I.   Introduction**

Pursuant to 28 U.S.C. § 1404(a) and Local Civil Rule 3-2(f), Federal Defendants hereby move to transfer this case to the U.S. District Court for the Eastern District of California on the grounds that the case could have been brought there originally, and because transfer is in the interest of justice and would not inconvenience the parties. Plaintiffs challenge the United States Forest Service's decision to authorize the Kings River Project in the Sierra National Forest located entirely within the Eastern District of California. There is strong local interest in resolving this dispute over the management of the Sierra National Forest in the Eastern District of California, which encompasses the land. For these reasons and those explained in detail below, the Court should grant Federal Defendants' motion and transfer this case to the Eastern District of California.

Defs.' Mot. to Transfer Venue                - 1 -

## II. Background

Plaintiffs Sierra Forest Legacy, Sierra Club, Earth Island Institute, and California Native Plant Society have brought suit in this Court alleging that the United States Forest Service's decision to authorize the Kings River Project in the Sierra National Forest violates the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"), and the National Forest Management Act, 16 U.S.C. § 1604 ("NFMA"). Compl. ¶¶ 50-95. The Kings River Project is in a portion of the Sierra National Forest located in Fresno County, within the jurisdiction of the United States District Court for the Eastern District of California. The Final Environmental Impact Statement ("FEIS") for the Kings River Project was prepared in Prather, California in Fresno County in the Eastern District of California, and the Record of Decision ("ROD") approving the Kings River Project was signed at the Forest Supervisor's office in Clovis, California, which is also in the Eastern District. See FEIS, cover page (Attached hereto as Ex. A); ROD (Attached hereto as Ex. B).[1] The documents that will form the administrative record and the Forest Service employees who will assist in the defense of the case are located at the Ranger District in Prather, California, which is in the Eastern District of California and is approximately 200 miles from San Francisco, California. FEIS at 1-1 (Attached hereto as Ex. A). In addition, administrative appeals of the Kings River Project were processed and decided at the Forest Service Regional Office for the Pacific Southwest Region located in Vallejo, California, which is in Solano County and also within the Eastern District of California. See 28 U.S.C. § 84.

The purposes of the Kings River Project include reducing fire risk to surrounding local communities in the Eastern District of California. FEIS at 1-6 (Attached hereto as Ex. A). The Kings River Project was issued pursuant to the guidance in the Sierra Forest Plan as amended by

---

[1] Plaintiffs' NEPA and NFMA claims are subject to review under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and the requirements of record review. See 5 U.S.C. § 706; Camp v. Pitts, 411 U.S. 138, 142 (1973). Because no administrative record has yet been compiled, Defendants attach certain project documents for the purpose of showing the location of the Forest Service's activities related to the Kings River Project and the propriety of the requested transfer of venue.

Defs.' Mot. to Transfer Venue        - 2 -

1 the 2004 Sierra Nevada Framework.[2]

2 Plaintiffs are several nonprofit environmental organizations. Plaintiffs Sierra Club and Earth Island Institute are incorporated in California and maintain their headquarters in the County of San Francisco. Compl. ¶¶ 4-5, 7-8. However, Plaintiff Sierra Club also maintains an office in Sacramento, in the Eastern District of California. See http://www.sierraclub.org/field/index.asp#CA/NV/HI. Moreover, the Tehipite Chapter of the Sierra Club, located in Fresno County, participated in the NEPA process and administratively appealed the Kings River Project. See http://www.fs.fed.us/r5/ecoplan/appeals/2007/fy07-0018.htm (decision on Tehipite Chapter Appeal). See also http://tehipite.sierraclub.org/index.html (Tehipite Chapter website). Plaintiff Earth Island Institute's John Muir Project – which participated in the NEPA process for the Kings River Project – is located in Cedar Ridge, California, which is also within the Eastern District. http://www.johnmuirproject.org/contact.html. Plaintiffs Sierra Forest Legacy and California Native Plant Society each maintain an office in Sacramento, in the Eastern District. See http://www.sierraforestlegacy.org/Contact.html; http://www.cnps.org/cnps/about/.

**III.    Argument**

    **A.    The Court Has Broad Discretion to Transfer this Case under 28 U.S.C. § 1404(a)**

This Court has the authority under 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of California. Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has broad discretion to adjudicate a motion to transfer venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000); Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006).

---

[2]The 2004 Framework has been challenged in four cases currently pending in the Eastern District of California: Sierra Nevada Forest Prot. Campaign v. Rey, No. 05-0205-MCE/GGH; California ex rel. Lockyer v. U.S. Dep't. of Agric., No. 05-CV-0211-MCE/GGH; California Forestry Ass'n v. Bosworth, No. 05-CV-0905-MCE/GGH; and Pacific Rivers Council v. U.S. Forest Serv., No. 05-CV-0953-MCE/GGH.

Defs.' Mot. to Transfer Venue        - 3 -

1   District courts use a two-step analysis to determine whether a case should be transferred.
2   First, the Court considers whether the case could have been brought in the forum to which
3   transfer is sought. 28 U.S.C. § 1404(a); see Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th
4   Cir. 1985); Inherent.com, 420 F. Supp. 2d at 1098. Second, the Court makes an "individualized
5   case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498. Both factors
6   support transfer of this case.

7   **B.   This Case Could Have Been Brought in the Eastern District of California**

8   The only limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a)
9   is the requirement that the new forum be a "district or division where [the case] might have been
10  brought." Where the case "might have been brought" is determined by 28 U.S.C. § 1391(e),
11  which provides that in suits against agencies of the United States, venue is proper in "any judicial
12  district in which (1) a defendant in the action resides, (2) a substantial part of the events or
13  omissions giving rise to the claim occurred . . . or (3) the plaintiff resides . . . ." Id. Because all
14  of the claims in this case could have been brought in the Eastern District of California, transfer of
15  Plaintiffs' claims to that judicial district is proper.
16  Plaintiffs here might have properly brought their NEPA and NFMA claims in the Eastern
17  District of California on any number of bases under 28 U.S.C. § 1391(e). For example, the Kings
18  River Project that Plaintiffs challenge is located in the Sierra National Forest, which lies entirely
19  within the Eastern District of California. All of the communities to be benefitted by the reduced
20  fire risk are located in the Eastern District of California. Therefore, that is "the judicial district in
21  which . . . a substantial part of the events or omissions giving rise to the claim occurred." 28
22  U.S.C. § 1391(e)(2). Additionally, Plaintiffs' NEPA and NFMA claims could have been brought
23  in the Eastern District of California because it is a "judicial district in which [] a defendant in the
24  action resides . . . ." 28 U.S.C. § 1391(e)(1). The Ranger District where the Kings River Project
25  was prepared is in Prather, California, and the relevant Regional Office of the Forest Service is in
26  Vallejo, California. Thus, the Forest Service is considered to reside in the Eastern District of
27  California. Because all of the relevant events and information are found there, this case "might
28  have been brought" in the Eastern District of California. As a result, the Court has power to

transfer the case there.  28 U.S.C. § 1404(a).

### C. The Interests of Justice and the Convenience of the Parties Weigh in Favor of Transfer

#### 1. The Interests of Justice Favor Transfer

The factors a court considers in deciding whether the court should grant the transfer motion are where the operative facts occurred, the convenience of the parties, the convenience of the witnesses, the relative ease of access to the sources of proof, the plaintiff's choice of forum, a forum's familiarity with governing law, trial efficiency, and the interests of justice.  Jones, 211 F.3d at 498; see Klamath Siskiyou Wildlands Center v. U.S. Forest Service, No. C-04-1066 JCS, slip op. (N.D. Cal. July 15, 2004) (transferring case from Northern District of California to Eastern District of California for convenience of the witnesses and parties and because all the events giving rise to suit occurred in Eastern District) (Attached hereto as Exh. C); United States v. Covenant Care, Inc., 1999 WL 760610 at 1 (N.D. Cal. Sept. 21, 1999) (same); Garcia v. Allstate Ins. Co., 1996 WL 601689 at 1 (N.D. Cal. Oct. 9, 1996) (same); see also Nat'l Computer Ltd. v. Tower Indus., Inc., 708 F. Supp. 281 (N.D. Cal. 1989) (transferring case from Northern District of California to Central District of California for convenience of witnesses and because the dispute does not involve a controversy of particular interest to the Northern District); Bell v. U.S. Forest Serv., 385 F. Supp. 1135, 1137 (N.D. Cal. 1974).  Where the operative facts did not occur in plaintiffs' chosen forum and the forum does not have a particular interest in the parties or the dispute, then plaintiffs' choice of forum is entitled to minimal consideration.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  Indeed, if the plaintiffs' choice of forum is a result of mere forum shopping, it may be entirely disregarded.  Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991).

In this case, the Court should grant the motion to transfer.  All factors except Plaintiffs' choice of forum support transfer.  First, all of the significant events from which this lawsuit arises occurred and will occur in the Eastern District of California because the Kings River Project is

located there. "Land is a localized interest because its management directly touches local citizens." <u>S. Utah Wilderness Alliance v. Norton</u>, 315 F. Supp. 2d 82, 88 (D.D.C. 2004). The local interest in having land management decisions heard in the jurisdiction where the land is located is a significant element in deciding whether the interests of justice favors transfer. See <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 221 (7th Cir. 1986) (interest of justice may be determinative); <u>Chrysler Capital Corp. v. Woehling</u>, 663 F. Supp. 478, 483 (D. Del. 1987); <u>see also</u> <u>Sierra Club v. Flowers</u>, 276 F. Supp. 2d 62, 71 (D.D.C.2003) (granting motion to transfer suit involving Florida Everglades in part because of the "depth and extent of Florida's interest"). In some instances, the "interest of justice may be decisive in ruling on a transfer motion *even though the convenience of the parties and witnesses point in a different direction.*" 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3854 pp. 439-40 (2d ed. 1986) (emphasis added).

In matters of environmental law and land use decisions such as that involved here, disputes "should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affected by the suit . . . .'" <u>Trout Unlimited v. U.S. Dep't of Agric.</u>, 944 F. Supp. 13, 19 (D.D.C. 1996). As the Supreme Court has stated,

> In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. *There is a local interest in having localized controversies decided at home.*

<u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1947) (emphasis added). In this case, the residents of the Eastern District of California have a "compelling interest . . . in having this localized controversy decided at home." <u>Trout Unlimited</u>, 944 F. Supp. at 19; <u>see also</u> <u>Citizen Advocates for Responsible Expansion, Inc., v. Dole</u>, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (transferring case to Texas from Washington, D.C. because highway proposal was uniquely local concern). Here, the local Fire Council has expressed a strong interest in protecting local communities from the effects of wildfire, which is one of the purposes of the Kings River Project. FEIS at 1-6 (Attached hereto as Ex. A). Moreover, the American Forest Resource Council has indicated that without timber harvest from the Kings River Project and other projects on the Sierra National

Defs.' Mot. to Transfer Venue                 - 6 -

1  Forest, a local sawmill would likely close.  FEIS, App. G (Response to comments 23 & 24)
2  (Attached hereto as Ex. A).  The Eastern District of California therefore has substantial ties to and
3  a more particularized interest in the dispute, whereas the Northern District does not.  Therefore, in
4  the interests of justice, this matter should be transferred.

5          2.       <u>The Convenience of the Witnesses and Parties Weigh in Favor of Transfer</u>

6        The factors of the convenience of the witnesses, ease of access to documents, and the
7  convenience of the parties, all weigh in favor of transfer to the Eastern District of California.
8  This case will be reviewed under the Administrative Procedure Act on the basis of an
9  administrative record.  5 U.S.C. § 706; <u>Camp</u>, 411 U.S. at 142.  Thus, convenience of witnesses
10 "has less relevance because this case involves judicial review of an administrative decision."
11 <u>Trout Unlimited</u>, 944 F. Supp. at 18.  The documents that will form the administrative record are
12 located in the Eastern District of California.  In addition, the Forest Service personnel who
13 prepared the FEIS and who will assist in the defense of the case are located in the Eastern District
14 of California.

15       Plaintiffs would not be inconvenienced by transfer to the Eastern District of California.
16 "Deference to a plaintiffs' forum choice is diminished where . . . transfer is sought to the
17 plaintiffs' resident forum."  <u>Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.</u>,
18 226 F. Supp. 2d 227, 230 (D.D.C. 2002) (internal quotation marks and citation omitted); <u>see</u>
19 <u>Panetta v. SAP America, Inc.</u>, 2005 WL 1774327 (N.D. Cal. July 26, 2005).  Plaintiffs each
20 maintain an office in the Eastern District of California.  Thus, transfer to the Eastern District
21 would not be an inconvenience to Plaintiffs.  To the extent Plaintiffs have filed in the Northern
22 District of California for the purpose of forum shopping, their choice of forum should be entirely
23 disregarded.  <u>Alltrade</u>, 946 F.2d at 628.

24       Finally, Plaintiffs would not be prejudiced if this matter were transferred.  The Eastern
25 District of California routinely hears these types of environmental cases involving projects on
26 National Forests, and thus has familiarity with the governing law.  <u>See, e.g.</u>, <u>Sierra Nevada Forest</u>
27 <u>Prot. Campaign v. Tippin</u>, Case No. S06-351-FCD-DAD, 2006 WL 2583036 (E.D. Cal. Sept. 6,
28 2006); <u>Klamath-Siskiyou Wildlands Ctr. v. U.S. Forest Serv.</u>, Case No. 2:05-CV-299-MCE-PAN,

  Defs.' Mot. to Transfer Venue       - 7 -

2006 WL 1991404 (E.D. Cal. July 14, 2006); Sierra Club, Inc. v. Bosworth, Case No. 2:04-CV-2114-GEB-DAD, 2005 WL 2281074 (E.D. Cal. Sept. 16, 2005). Moreover, Plaintiffs only recently filed their Complaint on May 18, 2007. Plaintiffs have filed no pending motions, other than their administrative motion to consider whether this case is related to Sierra Club v. Bosworth, Case No. C 05-00397 CRB, which Defendants have opposed. This case is not related to Sierra Club because it involves unrelated events and legal issues in a different project area on a different National Forest. Given that this case is merely in its initial stages, and no scheduling orders have been established, Plaintiffs cannot show that they would be prejudiced by a decision to transfer the case.

## CONCLUSION

For the foregoing reasons, the Court should transfer this case to the United States District Court for the Eastern District of California.

Respectfully submitted this 1st day of June, 2007,

    RONALD J. TENPAS
    Acting Assistant Attorney General
    Environment & Natural Resources Division

    /s/ Barclay Samford
    BARCLAY SAMFORD
    Trial Attorney
    Natural Resources Section
    Environment & Natural Resources Division
    U.S. Department of Justice
    1961 Stout Street - 8th Floor
    Denver, CO 80294
    Telephone:    (303) 844-1475
    Facsimile:    (303) 844-1350

    CYNTHIA HUBER
    Assistant Section Chief
    United States Department of Justice
    Environment & Natural Resources Division
    P.O. Box 663
    Washington, DC 20044-0663

    Attorneys for Defendants

**ATTACHMENTS**

| | |
|---|---|
| A | Final Environmental Impact Statement for Kings River Project (cover page, ch. 1, App. G) (Sept. 2006) |
| B | Record of Decision for Kings River Project (Dec. 20, 2006) |
| C | <u>Klamath Siskiyou Wildlands Center v. U.S. Forest Service</u>, No. C-04-1066 JCS, slip op. (N.D. Cal. July 15, 2004) |

Defs.' Mot. to Transfer Venue                - 9 -