UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER AND KLAMATH FOREST ALLIANCE,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE,<br><br>            Defendant.<br>_____/ | Case No. C-04-1099 JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br>**[Docket No. 11]** |

## I.    INTRODUCTION

On Friday, July 9, 2004, at 9:30 a.m., a hearing was held on Defendant's Motion to Transfer Venue (the "Motion"). For the reasons stated below, the Motion is GRANTED.

## II.   BACKGROUND

### A.    Facts

Plaintiffs, Klamath-Siskiyou Wildlands Center ("KS Wild") and Klamath Forest Alliance ("KFA"), filed a Complaint for Declaratory and Injunctive Relief on March 19, 2004, alleging that the United States Forest Service (the "Forest Service") violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321. Plaintiffs argue that Defendant violated NFMA and NEPA by failing to prepare a new or supplemental Environmental Assessment ("EA") or Environmental Impact Statement ("EIS") in connection with the Jack Timber Sale, incorporating new information obtained from surveys conducted after the original EA and Finding of No Significant Impact ("FONSI") were issued. Complaint at ¶ 20. The Jack Timber Sale involves logging timber on approximately 2,640 acres of the Klamath National Forest. *Id*. Plaintiffs assert that the sale should be enjoined until the Forest Service complies with NFMA and NEPA guidelines.

Defendant issued an EA for the Jack Timber Sale, followed by a Decision Notice ("DN") and a FONSI in July 1998. *Id*. at ¶15. Plaintiffs challenged both the DN and FONSI, but the Forest Service denied the appeal. *Id*. at ¶ 16. In August 1999, the Jack Timber Sale was enjoined under a court order in *Oregon Natural Resources Council Action v. U.S. Forest Service*, 59 F. Supp. 2d 1085 (W.D. Wash. 1999). *Id*. at ¶ 17. Under the Order, the Forest Service was required to complete surveys for certain species listed in the Northwest Forest Plan. *Id*. The Forest Service conducted two surveys, producing a Supplemental Information Report ("SIR") for each one. *Id*. at ¶19. Subsequently, the Forest Service approved moving forward with the Jack Timber Sale without issuing a new EA or DN incorporating the survey findings, or eliciting public comments prior to proceeding with the sale. *Id*. at ¶ 20. Plaintiffs argue that by not considering the SIR and survey findings in a new or supplemental EA or DN, the Forest Service is violating NEPA and NFMA. *Id*. at ¶ 40.

**B.** **The Motion**

In the Motion, Defendant seeks a transfer of venue from the Northern District of California to the Eastern District of California under 28 U.S.C. § 1404(a).[1] Defendant asserts that all of the significant events giving rise to the claim occurred in the Eastern District of California. In addition, Defendant proffers that the parties, witnesses and documents needed for trial are all located in the Eastern District. Defendant's Motion to Transfer Venue at ¶¶ 3-4. In support of its argument, Defendant notes that there are two other pending cases in the Eastern District involving the Klamath National Forest brought by Plaintiffs. *Id*. Thus, Defendant argues that the case should be transferred to the Eastern District because it is more convenient to the parties, and is in the interest of justice.

In their Opposition, Plaintiffs assert that Defendant has not made the compelling showing needed to disturb Plaintiffs' choice of venue. Plaintiffs argue that because this case is a purely administrative challenge, there are no witnesses, and therefore, the convenience of witnesses is not a factor. Plaintiffs'

---

[1] Defendant does not dispute that venue is proper in the Northern District of California under 28 U.S.C. § 1391(e)(2), based on the fact that Plaintiff's administrative appeal was filed in the Regional Office of the Forest Service, which at that time was located in San Francisco. Declaration of Sue Danner at ¶¶ 3-4. *See Beazer E., Inc. v. U.S. Envtl. Protec. Agency*, 1990 WL 109892 at *2 (E.D. Pa. 1990) (holding that venue was proper under § 1391(e)(2) because the administrative proceeding was filed in the district); *Honeywell, Inc., v. Consumer Prod. Safety Comm'n*, 566 F. Supp. 500, 502 (D. Minn. 1983) (same).

Response to Defendant's Motion to Transfer Venue at ¶ 5. In addition, Plaintiffs assert that this district is more convenient for them because their local counsel is located in the Northern District, and their lead counsel has been admitted to the Northern District for these proceedings. *Id*. Plaintiffs assert that the Northern District is at least as convenient for Defendant as the Eastern District, as the Forest Service's Regional Office is located in Vallejo, which is closer to San Francisco than Sacramento. *Id*. Plaintiffs also argue that logging in the Jack Timber Sale could occur before resolution of the case if it is further delayed by a transfer of venue. *Id*. at ¶ 6. Additionally, Plaintiffs note that lead counsel is expecting a child in September, so the delay likely caused by a transfer could prevent her from participating in the proceedings, thus unfairly prejudicing Plaintiffs. *Id*.

### III. ANALYSIS

#### A. Legal Standard

Under 28 U.S.C. § 1404(a) (2004), transfer of venue is permitted when it is "for the convenience of parties and witnesses, in the interest of justice." However, great weight is given to the plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The defendant must make a strong showing of inconvenience to supplant the plaintiff's forum choice. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

In order to successfully transfer the case, the defendant must establish that the new district is one where the action could have been brought, and that transferring the case will serve the convenience of the witnesses and promote the interest of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). The court considers: "(1) the relative convenience of the selected forum and the proposed forum; (2) the possible hardship to the plaintiff if the court grants the motion; (3) the interests of justice; and (4) the deference to be accorded the plaintiffs' choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The court also weighs both public and private interests when determining the convenience of a forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The private factors include:

> ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to

3

> the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). The public factors considered are:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id*.

### B. Defendant's Argument

Defendant seeks an order transferring venue under 28 U.S.C. § 1404(a) to the Eastern District of California, on the basis that: 1) the case could have been brought there; 2) transferring the case will serve the convenience of the witnesses and parties; and 3) a transfer is in the interest of justice. The Court concludes that a transfer of venue is warranted in light of the public interest in having local controversies resolved within the district where the controversies arise.

#### 1. Proper Venue in Eastern District

Defendant argues that the case "might have been brought" in the Eastern District and thus meets one of the necessary elements for a transfer of venue under 28 U.S.C. § 1404(a). The Court agrees.

In a civil action where the defendant is an agency of the United States, the case can be brought in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(2) (2004). Here, nearly all the events giving rise to the cause of action originated in the Eastern District. The Klamath National Forest, the area of the Jack Timber Sale, is located in the Eastern District of California. Ex. A, Declaration of Michael P. Lee at ¶ 3. In addition, Defendant asserts – and Plaintiffs do not dispute – that all supporting work on the project, including the EA, was completed either on site or in a Forest Service office located in the Eastern District, and the DN and FONSI implementing the Jack Timber Sale were both signed in the Eastern District. *Id*. at ¶¶ 4-5. The only event from which Plaintiffs' claim arises that did not occur in the Eastern District was the administrative proceeding, which resulted in a decision that was signed in the Northern District. Complaint at ¶ 16. Accordingly, venue is proper in the Eastern District.

### 2. Convenience of Witnesses and Parties

The Forest Service argues that a transfer to the Eastern District is necessary for the convenience of the witnesses and parties in the case. Because this case is solely an administrative action, the convenience of witnesses is not a factor. However, the convenience of the parties should be considered. Based on consideration of the relative hardships to the parties of litigating in San Francisco as compared to Sacramento, the Court concludes that the burden to Defendant of litigating in San Francisco is not, by itself, sufficient to justify a transfer of venue to the Eastern District of California.

Defendant relies on *Garcia v. Allstate Insurance Co.*, in support of its assertion that the burden of litigating in San Francisco warrants transfer of this action to the Eastern District. 1996 WL 601689 at *2 (N.D. Cal. 1996). In *Garcia*, the plaintiff sued her insurance company for failing to resolve an insurance claim on her behalf. *Id*. at *1. All of the parties were located in Stockton, in the Eastern District, and almost all of the events giving rise to the claim occurred in the Eastern District (issuance of insurance policy, loss resulting in the claim, processing of the claim, etc.). *Id*. at *2. The court held that a transfer of venue from the Northern District to the Eastern District was proper under § 1404(a), because the Eastern District was more convenient for all parties and witnesses, as Stockton is nearly twice as far away from San Francisco (Northern District) as it is from Sacramento (Eastern District). 1996 WL 601689 at *2 (N.D. Cal. 1996).

However, this case is distinguishable from *Garcia* in that transportation to the Northern District will not greatly inconvenience the parties as it did in *Garcia*. *Id*. at *2. Even though the Forest Service's Regional Office is now located in the Eastern District, in Vallejo, the distance between San Francisco and Vallejo is not nearly as great as the distance the parties in *Garcia* had to travel to get to San Francisco from Stockton. Indeed, the distance from Vallejo to Sacramento is over twice as great as the distance from Vallejo to San Francisco, undercutting Defendant's argument.[2]

---

[2] In *Garcia*, the court concluded that travel to San Francisco from Stockton would be "considerably more inconvenient" than travel to Sacramento because San Francisco is 87 miles from Stockton, while Sacramento is only 49 miles from Stockton. 1996 WL 601689 at *2 (N.D. Cal. 1996). In this case, the Forest Service's Regional Office is 32 miles from San Francisco, but 83 miles away from Sacramento. (The Court takes judicial notice of this fact according to Mapquest; *See* Id. at *2 (court took judicial notice of Mapquest figures to calculate mileage)). Thus, the facts here are reversed from those in Garcia, as the Defendant will likely be more inconvenienced by a transfer to the Eastern District (whereas in Garcia the

5

On the other hand, Plaintiffs argue that litigating in Sacramento will impose a burden on them. A transfer is not proper if it "will merely shift the inconveniences." *U.S. v. Covenant Care, Inc*., 2003 U.S. Dist. LEXIS 19489 at *2 (N.D. Cal. 2003). Plaintiffs assert that transfer will impose an unacceptable burden on them as a result of the delay associated with transfer. Plaintiffs' lead counsel is expecting a child in September, so any delay caused by a transfer may impede her ability to participate in the proceedings.

It is established that "the convenience of counsel is not a factor to be considered" in a motion to transfer venue. *Fabus Corp. v. Asiana Express Corp*., 2001 U.S. Dist. LEXIS 2568 (N.D. Cal. 2001); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)). As a result, the inconvenience to Plaintiffs from transferring this action may only be the inconvenience of having to retain new local counsel. As lead counsel is not local and Plaintiffs are already litigating two other environmental cases in the Eastern District, the Court concludes that this burden is not significant.

### 3. Public/Private Interests

While the inconvenience to Defendant of defending this action in the Northern District does not alone justify a transfer, the Court concludes that the public interest in local resolution of controversies is sufficient to overcome the presumption in favor of Plaintiffs' choice of forum. *See Piper Aircraft Co.*, 454 U.S. at 266 (holding that transfer is proper when "private and public interest factors clearly point towards trial in the alternative forum").

Because the primary dispute in this action concerns timber harvesting in the Klamath National Forest, the controversy is local to the Eastern District, not the Northern District. *Decker Coal Co.*, 805 F.2d at 843 (holding that one of the public interests to consider is whether there is a local interest in having the controversy decided at home). Therefore, the Eastern District has a greater interest in the resolution of Plaintiffs' complaint than does the Northern District.[3]

---

transfer to the Eastern District shortened the transportation for the parties).

[3] For the reasons discussed above, the private interests do not strongly favor transfer. In particular, there are no witnesses because this is an administrative action. Similarly, because the evidence is the administrative record, access to evidence is not an issue.

Plaintiffs also assert that prejudice may result from any delay because of the transfer to the Eastern District. In particular, Plaintiffs are concerned that logging will occur in connection with the Jack Timber Sale before the Court in the Eastern District has a chance to rule on the issues presented by this action. While this concern is not without some force, its impact is readily ameliorated. The owner of the sole parcel that has been sold indicated in a January 22, 2004 notice that it planned no operations for the calendar year 2004. *See* Letter dated January 22, 2004, attached as an exhibit to the letter dated July 13, 2004, from the United States Attorney to the Court. Accordingly, as part of the transfer of this matter, the Court hereby ORDERS Defendants to immediately notify all parties and the court if and when they learn of any change in these operating plans, or any new notice indicating the intent to commence operations on the relevant property. If that occurs, the court in the Eastern District can address the matter.[4]

**IV.    CONCLUSION**

Having weighed the relative burdens to the parties of litigating in the Northern District as compared to the Eastern District, and having considered both the public and private interests, the Court concludes that Defendant is entitled to a transfer to the Eastern District of California pursuant to 28 U.S.C. § 1404. Defendant's Motion is GRANTED.

IT IS SO ORDERED.

Dated: July 15, 2004

    /s/ Joseph C. Spero
JOSEPH C. SPERO
United States Magistrate Judge

---

[4] As discussed at the hearing, it appears unlikely that logging operations will occur in the middle of winter in any event, and so postponing operations until 2005 would effectively postpone the risk that any logging would occur on the property until the spring.

7