MICHAEL R. SHERWOOD, State Bar No. 63702
GEORGE M. TORGUN, State Bar No. 222085
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
(510) 550-6725

MICHAEL GRAF, State Bar No. 136172
Law Offices
227 Behrens Street
El Cerrito, CA 94530
(510) 525-7222

Attorneys for Plaintiffs Sierra Forest Legacy, Sierra Club,
and California Native Plant Society

RACHEL M. FAZIO, State Bar No. 187580
John Muir Project
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

Attorney for Plaintiff Earth Island Institute

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB, EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations,<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest, United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>Defendants. | Case No: C 07-2646 SBA<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE – C 07-2646 SBA

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I. Legal Standard for a Motion to Transfer Venue. ........................................................... 2

II. Defendants Do Not Dispute That Venue in This Court is Appropriate. ........................ 3

III. Defendants Have Failed to Demonstrate That Convenience of the Parties and Witnesses Favors a Transfer. .......................................................................................... 4

IV. Defendants Have Failed to Show That the Interests of Justice Favor a Transfer. ........ 5

CONCLUSION ......................................................................................................................... 7

**INTRODUCTION**

On June 1, 2007, Defendants Bernard Weingardt, *et al.* ("defendants") filed a Motion To Transfer Venue ("Motion"), seeking to move this action from the forum chosen by plaintiffs to the United States District Court for the Eastern District of California. As discussed below, there is no dispute that the Northern District is an appropriate forum for this case, and defendants have not satisfied their heavy burden of showing that transfer to the Eastern District would be more convenient for the parties or witnesses, particularly since this challenge will involve an administrative record without any evidentiary hearing or presentation of witnesses. Moreover, the interests of justice do not warrant a transfer given the strong statewide and national interests in this case, its relationship to previous litigation in the Northern District, and the likelihood of delay that would result from a transfer. Accordingly, defendants' motion to transfer should be denied.

**BACKGROUND**

Plaintiffs filed this action in the Northern District on May 18, 2007. The suit alleges that the defendants' approval of the Kings River Project ("Project"), a massive program of logging, herbicide treatments, and prescribed fire on 131,500 acres within Sierra National Forest, violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, by failing to provide adequate information or analysis regarding the Project's likely environmental impacts on the imperiled Pacific fisher and other old forest species and on wildfire risk. Plaintiffs further allege that defendants violated NEPA by failing to adequately respond to scientific information and public comments with respect to the fisher and other species. In addition, plaintiffs contend that defendants violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, by failing to insure the viability and distribution of the fisher, and by failing to gather and disclose legally required monitoring data for numerous at-risk species. The case was initially assigned to Magistrate Judge Joseph C. Spero.

On the same day, plaintiffs filed an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12, which notified the Court and parties that the instant case is related to an earlier action on file in this Court and decided by Judge Charles R. Breyer, *Sierra Club, et. al. v. Bosworth, et al.*, No. C 05-00397 CRB (N.D. Cal. Aug. 25, 2006). The Court has not yet issued a ruling on this Administrative Motion.

Defendants submitted their consent to proceed in this case before Magistrate Judge Spero on June 11, 2007, but plaintiffs declined such consent. Document Nos. 13, 14. As a result, this case was reassigned to the Judge Saundra B. Armstrong on June 14, 2007. Document No. 16.

## ARGUMENT

**I.     Legal Standard for a Motion to Transfer Venue.**

Federal law provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). *See also Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1089 (N.D. Cal. 2002) (a court must consider "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice"). If more than one appropriate venue exists, a court must make its decision based upon an "individualized, case-by-case determination of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In doing so, the court "considers the private and public factors which might weigh in favor of each of these alternate venues and measures these assets against those of the plaintiffs' chosen forum, the Northern District of California." *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 538 (N.D. Cal. 2005). "Private" factors include:

> (1) the state that is most familiar with the governing law, (2) deference to a plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to plaintiff's cause of action in the chosen forum, (5) the differences in litigation costs between the competing forums, (6) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, (7) ease of access to sources of proof, and (8) the relevant public policy of the forum state.

*Ellis*, 372 F. Supp. 2d at 538 (citing *Jones*, 211 F.3d at 498-99). "Public" factors include (1) the relative congestion of the two courts' dockets, (2) the local public interest in the outcome of the controversy, (3) the avoidance of conflict of laws issues, and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Ellis*, 372 F. Supp. 2d at 538-39.

As a general matter, "the district court is not required to determine the best venue, and transfer under § 1404(a) should not be freely granted." *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th

1  Cir. 2003) (internal citations and quotations omitted), *vacated on other grounds*, *Bush v. Gherebi*,
2  542 U.S. 952 (2004).  A plaintiff's choice of forum is entitled to substantial deference, and "[u]nless
3  the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be
4  disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Decker*, 805 F.2d at 843 ("The
5  defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice
6  of forum"); *Silverlit Toys Manufactory, Ltd .v. Absolute Toy Marketing, Inc.*, 2007 WL 521239, *6
7  (N.D. Cal. Feb. 15, 2007) ("The burden is on the defendant to show that the convenience of the
8  parties and witnesses and the interest of justice require transfer to another district").  Thus, "under
9  Ninth Circuit law, a plaintiff's choice of forum is accorded substantial weight in proceedings under
10 this section, and courts generally will not transfer an action unless the 'convenience' and 'justice'
11 factors strongly favor venue elsewhere." *Florens Container*, 245 F. Supp. 2d at 1092 (citation
12 omitted).  As discussed below, defendants have failed to make a strong showing that the
13 convenience of the parties and witnesses and the interests of justice would be better served by
14 transferring this case from plaintiffs' chosen forum to the Eastern District of California.

**II.     Defendants Do Not Dispute That Venue in This Court is Appropriate.**

Pursuant to the venue provisions in federal law, a civil action in which a defendant is an officer or employee of the United States acting in her official capacity, or an agency of the United States, may be brought in "any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred…, or (3) a plaintiff resides…." 28 U.S.C. § 1391(e).  As alleged in the Complaint, venue lies in this Court because plaintiffs Sierra Club and Earth Island Institute are incorporated in California and reside and maintain their headquarters in the County of San Francisco, and this action seeks relief against an agency of the United States and federal officials acting in their official capacities.  Complaint for Declaratory and Injunctive Relief, ¶¶ 4, 7-8.

While Defendants assert that this case could have been brought in the Eastern District of California, they do not dispute that venue in this Court is appropriate.  Indeed, if defendants believed that venue in the Northern District is improper, they could have filed a motion to dismiss or transfer venue pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which

is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." By moving under 28 U.S.C. § 1404(a) rather than 28 U.S.C. § 1406(a), defendants have waived any argument that venue is improper in the Northern District. *See, e.g., Jones*, 211 F.3d at 497-99; *Ellis*, 372 F. Supp. 2d at 536.

**III.  Defendants Have Failed to Demonstrate That Convenience of the Parties and Witnesses Favors a Transfer.**

Pursuant to 28 U.S.C. § 1404(a), the court may transfer venue to another district "[f]or the convenience of the parties and witnesses…." Defendants have failed to demonstrate that litigating this case in the Eastern District would be any more convenient than doing so in this Court. First, the fact that plaintiffs maintain offices in both the Northern and Eastern Districts does not weigh in favor of transferring this case, especially in opposition to plaintiffs' chosen forum. *See* Motion at 7.

Second, while defendants claim that agency personnel "who will assist in defense of the case are located in the Eastern District," they ignore the fact that the Department of Agriculture, including its Office of General Counsel's Pacific Region, maintains a presence in the Northern District. *See* http://www.usda.gov/wps/portal/!ut/p/_s.7_0_A/7_0_1OB?contentidonly=true&contentid=OGC_Index.xml. Furthermore, the Regional Office of the Forest Service where the administrative appeals of the Project were processed and decided, and where defendant Weingardt is based, is located in Vallejo, CA, which is just 32 miles from San Francisco but 57 miles from Sacramento and 190 miles from Fresno.[1] *See* Motion at 2, 4. The Ranger District in Prather, CA where the Kings River Project was prepared may be located approximately 200 miles from San Francisco, but it is also 187 miles from Sacramento. *See id*. Regardless, federal agencies and officials such as defendants are regularly sued and defend actions in district courts all over the country, and defendants have failed to make a strong showing that the Eastern District would be more convenient for the parties compared to this

---

[1] Defendants do not specify which division of the Eastern District this case should be transferred to, but they have previously suggested in their Response to Plaintiffs' Motion to Relate that the Sacramento Division would be an appropriate venue based on existing litigation challenging the 2004 Sierra Nevada Framework. Document 10 at 2.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE – C 07-2646 SBA    4

1   Court. *See Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964) ("Section 1404(a) provides for transfer
2   to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient").
3       Defendants also claim that "the convenience of the witnesses" and "ease of access to
4   documents" weighs in favor of transfer to the Eastern District. Motion at 7. However, such access
5   to proof is not a relevant consideration here because this case will be reviewed under the
6   Administrative Procedure Act, 5 U.S.C. § 706, on the basis of an administrative record that
7   defendants will make readily available to the parties and the Court. *See Pacific Coast Fed'n of*
8   *Fishermen's Ass'ns v. Gutierrez*, 2006 WL 194507, *3 (N.D. Cal. Jan. 24, 2006) (finding that "in
9   environmental cases involving challenges to an administrative record, many of the factors are not
10  applicable, in part because there is no evidentiary hearing or presentation of witnesses").[2] Indeed,
11  defendants themselves note that the convenience of witnesses "has less relevance because this case
12  involves judicial review of an administrative decision." Motion at 7 (quoting *Trout Unlimited v.*
13  *U.S. Dep't of Agric.*, 944 F. Supp. 13, 18 (D.D.C. 1996)). Thus, defendants have failed to show that
14  the convenience factors weigh in favor transferring this case.

15  **IV.     Defendants Have Failed to Show That the Interests of Justice Favor a Transfer.**

16      Defendants' final contention in support of their Motion is that transfer of this case to the
17  Eastern District would be "in the interests of justice." Motion at 4-7. In particular, defendants allege
18  that all of the significant events from which this lawsuit arises occurred and will occur in the Eastern
19  District, and land use decisions are often best resolved in the jurisdiction where the land is located.
20  *Id.* As with the other factors under 28 U.S.C. § 1404(a), however, defendants have utterly failed to
21  meet their burden of establishing that transfer of venue from this Court to the Eastern District would
22  better serve the interests of justice. *See Florens Container*, 245 F.2d at 1093.
23      While there is no dispute that the Kings River Project area is located in the Eastern District,
24  there is a strong public interest in California and nationwide regarding the federal government's
25  management of our national forest lands. *See, e.g., California ex rel. Lockyer v. U.S. Dept. of Agric.*,

---

[2] For the same reason, many of the other "private" and "public" factors often considered by the courts, such as the availability of compulsory process to compel attendance of unwilling non-party witnesses or the burden on potential jurors, are also inapplicable here and provide no basis for transfer of venue.

459 F. Supp. 2d 874, 914 (N.D. Cal. 2006) (finding "a strong 'public interest in preserving our national forests in their natural state'") (quoting *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1125 (9th Cir.2002)).  In fact, defendants themselves have not portrayed the Project as a "local land use decision," but rather as a continuation of research examining the response of national forests across the entire Sierra Nevada to different management strategies.  *See* Motion, Exh. A (Final Environmental Impact Statement) at 7.  This is far different from the case cited by defendants, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), where a Virginia resident filed suit in New York against a Pennsylvania corporation for damages caused by an explosion and fire that took place in Lynchburg, Virginia.  *Id.* at 502-03.  The Supreme Court found that the "task of the trial court would be simplified by trial in Virginia," especially given that the "trial is likely to be long and to involve calling many witnesses, and that Lynchburg, some 400 miles from New York, is the source of all proofs for either side with possible exception of experts." *Id.* at 511.  As discussed above, the forum chosen by plaintiffs in this case is convenient for all parties, is situated less than 90 miles away from the forum suggested by defendants, and will not result in proceedings being held "in remote parts of the country where they can learn of it by report only." *See id.* at 509.

Defendants further suggest that the interests of justice weigh in favor of transfer to the Eastern District because "without timber harvest from the Kings River Project and other projects on the Sierra National Forest, a local sawmill would likely close." Motion at 6-7.  In support of this contention, defendants cite the summary of response to public comments in the Final Environmental Impact Statement, which references a "permanent injunction on operation of four timber sales in the Sequoia National Monument." *Id.*, Exh. A at 18 (FEIS, App. G, Response to comments 23 & 24). As an initial matter, plaintiffs note that this case challenges a federal agency's approval of the Kings River Project under federal environmental laws, and does not seek to enjoin all timber harvesting in Sierra National Forest.

Moreover, several of the plaintiffs in this case were involved in the prior litigation that resulted in a permanent injunction of four timber sales in the Sequoia National Monument, as well as the invalidation of the federal government's Giant Sequoia National Monument Management Plan. That case was heard and decided last year by the Hon. Charles R. Breyer in the Northern District.

*Sierra Club, et. al. v. Bosworth, et al.*, No. C 05-00397 CRB (N.D. Cal. Aug. 25, 2006). As a result of the similarities between the two actions, especially regarding impacts to the imperiled Pacific fisher, plaintiffs have filed an Administrative Motion to Consider Whether Cases Should Be Related, which is currently pending before this Court. To the extent that the defendants are concerned about the implications of this case and previous litigation involving the management of public lands in the southern Sierra Nevada, "it is in the interest of justice that any relief that may be granted in one or both cases should be fashioned by a single judge who has the ability to appreciate its broad implications." *Pacific Coast Fed'n*, 2006 WL 194507 at *3.

Finally, transfer of this action to the Eastern District could actually impair judicial efficiency by resulting in a slower resolution of this matter. *See Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991) ("The Ninth Circuit has frequently held that a motion to transfer may properly be denied where, as here,…a transfer would lead to delay") (citations omitted); *Regents of the Univ. of California v. Eli Lilly & Co.*, 199 F.3d 1559, 1565 (Fed. Cir. 1997) (finding that consideration of the interests of justice includes "judicial economy"). The median time required to resolve civil suits brought in the Eastern District is more than two and a half months longer than that required by the Northern District. U.S. Courts, Federal Court Management Statistics Judicial Caseload Profile, http://www.uscourts.gov/cgi-bin/cmsd2006.pl. This is presumably due to the severe congestion in the Eastern District's docket, which has one of the highest levels of cases per judgeship in the country. *Id.* (Judgeships in the Eastern District each had 946 total filings and 1,176 pending cases in 2006, compared with 620 total filings and 583 pending cases per judgeship in the Northern District).

## CONCLUSION

Defendants have failed to sustain their heavy burden of establishing that the convenience of the parties and witnesses and the interests of justice warrant denying plaintiffs their choice of forum. Therefore, Plaintiffs respectfully request that the Court deny defendants' motion to transfer this case to the Eastern District.

///

///

///

1  DATED: June 14, 2007                    Respectfully submitted,

2                                          /s/ George M. Torgun
                                           GEORGE M. TORGUN
3                                          MICHAEL R. SHERWOOD
4                                          MICHAEL GRAF

5                                          Attorneys for Plaintiffs Sierra Forest Legacy,
                                           Sierra Club, and California Native Plant Society
6
7                                          /s/ Rachel Fazio (as authorized June 14, 2007)
                                           RACHEL M. FAZIO
8
                                           Attorney for Plaintiff Earth Island Institute
9