1 | RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division
CYNTHIA HUBER
Assistant Section Chief
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663
BARCLAY SAMFORD
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street - 8th Floor
Denver, CO 80294
Telephone:    (303) 844-1475
Facsimile:    (303) 844-1350

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB, EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations,<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>Defendants. | CASE NO:   C 07-2646 SBA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>DATE:   September 11, 2007<br>TIME:    1:00 p.m.<br>JUDGE:  Hon. Saundra Brown Armstrong |

Defs.' Reply in Supp. of Mot. to Transfer Venue, Case No. 07-cv-2646 SBA

## I. Introduction

Pending before the Court is Defendants' motion, pursuant to 28 U.S.C. § 1404(a) and Local Civil Rule 3-2(f), to transfer this case to United States District Court for the Eastern District of California. The underlying case involves a challenge to the Kings River Project, a Forest Service forest management project located entirely within the Eastern District. As set forth below, venue in the Eastern District is appropriate, and the interests of justice and convenience of the parties strongly favor transfer of this matter to the Eastern District.

The case was initially assigned to Magistrate Judge Spero and noted for hearing on Judge Spero's calender for July 6, 2007. After Plaintiffs declined to consent to proceed before Judge Spero, the case was reassigned to Judge Saundra B. Armstrong. Doc. No. 16. While Defendants do not believe oral argument is necessary to resolve this motion, in compliance with Local Rule 7-2, the Defendants have re-noticed hearing of this motion on Judge Armstrong's calender for September 11, 2007.

## II. Argument

### A. This Case Should be Transferred to the Eastern District of California.

As noted in Defendants' motion, the determination of whether a case should be transferred is based on a two-step inquiry. See Defs.' Mot. to Transfer at 4. First, the Court considers whether the case could have been brought in the forum to which transfer is sought. Second, the Court conducts an "'individualized case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising Inc., 211 F.3d 495, 498 (9th Cir. 2000) (citations omitted). Both inquiries suggest that transfer of this case is appropriate.

#### 1. This Case Could Have Been Brought in the Eastern District of California.

With regard to the first inquiry, there appears to be no dispute that this case could have been brought in the Eastern District of California. As set forth in Defendants' opening brief, all the parties reside in the Eastern District, the challenged decision was made within the Eastern District, and all of the actions authorized by the challenged project will take place entirely in the

Eastern District. See Defs.' Mot. to Transfer at 2-4. Nowhere in their opposition brief do Plaintiffs assert that this case could not have been brought in the Eastern District. Because venue is appropriate in the Eastern District, the sole issue before the Court is whether convenience of the parties and the interest of justice favor a transfer.

### C. The Interests of Justice and the Convenience of the Parties Weigh in Favor of Transfer.

As set forth below, the interests of justice and convenience of the parties weigh heavily in favor of transfer.

#### 1. Plaintiffs' Choice of Forum is Not Entitled to Deference.

In their opposition, Plaintiffs assert that Defendants' motion to transfer should be denied because they chose to bring suit in the Northern District, and their choice of forum is entitled to deference. Pls.' Opp. to Transfer at 4. Plaintiffs' choice of forum, however, is "entitled to only minimal consideration," where the chosen forum does not have any particular interest in the parties or the dispute. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Here the Northern District has no particular interest in the Kings River Project. The project was designed to restore forest health and fire resiliency while protecting wildlife habitat within an area of the Sierra National Forest. See Exh. A to Defs.' Mot. to Transfer (Kings River ROD) at 1. The entirety of the project area, and of the Forest itself, is located in the Eastern District. The Northern District simply has no particular interest in this project, and therefore, Plaintiffs' choice of the Northern District as their forum is not entitled to deference.

#### 2. This Case is not Related to Other Cases in the Northern District

In opposing transfer of this matter, Plaintiffs assert that this case is related to previous litigation before Judge Breyer in the Northern District, and note they have filed a motion urging that this case should be related to the prior litigation before Judge Breyer. Pls.' Opp. to Trans. at 1, 7. On June 15, 2007, Judge Breyer issued an order finding this case is *not related* to the prior litigation before him. See Doc. No. 18. The alleged relationship between this case and another matter in the Northern District therefore does not give the Northern District any particular interest in this project.

Defs.' Reply in Supp. of Mot. to Transfer Venue, Case No. 07-cv-2646 SBA         - 2 -

### 3. There is a Compelling Public Interest in Having Land Management Decisions Heard Where the Land is Located.

There is a compelling public interest in having land management decisions heard in the jurisdiction where the land is located. Trout Unlimted v. U.S. Dep't of Agric., 944 F. Supp. 13, 19 (D.D.C. 1996); Klamath Siskiyou Wildlands Center v. U.S. Forest Serv., No-04-1066 at * 6 (slip op. N.D. Cal. July 15, 2004) (attached as Exhibit C to Defs.' Mot. to Transfer). See also Defs.' Mot. to Transfer at 6 (citing additional caselaw). Here, as Plaintiffs readily concede, all of the land impacted by the Kings River Project is located in the Eastern District. Pls.' Opp. to Transfer at 5. Rather than attempt to demonstrate that the Northern District has any particularized interest in the case, Plaintiffs rest their opposition on the generic assertion that there is a "strong public interest in California and nationwide regarding the federal government's management of our national forest lands." Pls.' Opp. to Transfer at 5. Defendants are unaware of any authority for the proposition that the Northern District is better equipped to address matters of nationwide interest than the Eastern District, and Plaintiffs fail to provide any. In contrast to a general public interest in the Northern District, the land and the interests most immediately affected by the Kings River Project are located in the Eastern District. See Defs.' Mot. to Transfer at 6-7 (noting interests of Local Fire Counsel and Timber Mill in Kings River Project). This localized interest in the land affected by the project militates strongly in favor of transfer to the Eastern District.

### 4. Convenience of Parties and Witnesses

As noted in Defendants' opening brief, the Eastern District provides a more convenient forum because all the Forest Service employees who prepared the challenged Environmental Impact Statement, and the administrative record itself, are located in the Eastern District. Defs.' Mot. to Transfer at 7. In response, Plaintiffs assert that because this case calls for judicial review of an administrative record, the location of the record and Forest Service personnel is not relevant. Pls.' Opp. to Transfer at 5. While it is obviously true that an administrative record can be relatively easily moved, and that witness testimony is generally inappropriate in record review

1  cases under the Administrative Procedure Act,[1] that fact remains that: "[c]ontroversies should be
2  resolved in the locale where they arise.  This policy rationale applies equally to the judicial
3  review of an administrative decision which will be limited to the administrative record."  Trout
4  Unlimited, 944 F.Supp. at 19.  Here, notwithstanding the fact that this is a case seeking judicial
5  review under the APA, the controversy should be resolved in the locale where it arose and where
6  its impacts will be most directly felt, the Eastern District of California.

**5.    Judicial Efficiency will not be Impaired by the Transfer of this Case.**

8  Finally, Plaintiffs assert that transfer to the Eastern District might "impair judicial
9  efficiency by resulting in slower resolution of this matter."  Pls.' Opp. to Transfer at 7.  While
10 docket congestion may be considered in determining whether to transfer venue, such
11 administrative concerns are to be afforded "little weight."  Amini Innovation Corp. v. JS Imports,
12 Inc., --- F.Supp.2d ----, 2007 WL 1597942, *14 (C.D.Cal. 2007) citing Gates Learjet Corp. v.
13 Jensen, 743 F.2d 1325, 1335 (9th Cir.1984).  See also Royal Queentex Enterprises v. Sara Lee
14 Corp., 2000 WL 246599, *8 (N.D.Cal. 2000) ("Relative court congestion is at best, a minor factor
15 in the section 1404 calculus."); Dorfman v. Jackson, 2005 WL 2176900, *9 (N.D. Cal. 2005)
16 ("The factor of relative docket congestion would probably favor Montana, although *this factor is*
17 *not an important one*.") (emphasis added).  Indeed, docket congestion should play a role in
18 changing venue, only where "the backlogs in the two courts are so totally disproportionate that it
19 is obvious that time to trial would be radically longer in the court initially selected by plaintiff."
20 Gintz v. Jack in the Box, Inc., 2007 WL 397306, *4 (N.D. Cal. 2007).

21 Here, there is no evidence that it will take "radically longer" for this case to be heard in
22 the Eastern District than in the Northern District.  Id.  Plaintiffs suggest the median time for
23 resolution of civil disputes is two and half months longer in the Eastern District than in the
24 Northern District.  Pls.' Opp. to Transfer at 7.  Such a minor differential does not suggest transfer

---

[1] Witnesses testimony from the agency decisionmakers may be appropriate in record review cases where plaintiffs seek a preliminary injunction or temporary restraining order and the administrative record is not yet before the Court.  In that event, the applicable agency witnesses are all located in the Eastern District of California.

will impair judicial efficiency, and Courts have rejected attempts to base transfers on similar minor differentials. See, e.g., Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799 (C.D. Cal. 2006) (holding 1.7 month longer median time to resolve cases "is insubstantial and does not warrant a transfer of venue"); Guthy-Renker Fitness v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 273 (C.D. Cal.1998) (holding that a difference of two months in median time to trial did not warrant transfer).

## CONCLUSION

For the foregoing reasons, the Court should transfer this case to the United States District Court for the Eastern District of California.

Respectfully submitted this 21st day of June, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ Barclay Samford
BARCLAY SAMFORD
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street - 8th Floor
Denver, CO 80294
Telephone:   (303) 844-1475
Facsimile:   (303) 844-1350

CYNTHIA HUBER
Assistant Section Chief
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

Attorneys for Defendants