1

2 IN THE UNITED STATES DISTRICT COURT

3 FOR THE NORTHERN DISTRICT OF CALIFORNIA

4 OAKLAND DIVISION

5

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB, EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations,<br><br>                        Plaintiffs,<br><br>v.<br><br>BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>                        Defendants. | CASE NO:   CASE NO:   07-2646 SBA<br><br><br>**[Proposed] ORDER GRANTING MOTION TO TRANSFER VENUE** |

17

18      Before the Court is Defendants' motion, pursuant to 28 U.S.C. § 1404(a) and Local Civil Rule

19 3-2(f), to transfer this case to  the U.S. District Court for the Eastern District of California on the

20 grounds that the case could have been brought there originally, and because transfer is in the interest

21 of justice and would not inconvenience the parties.  For the reasons set forth below,  Defendants'

22 Motion to Transfer Venue is GRANTED.

23                             **BACKGROUND**

24      Plaintiffs Sierra Forest Legacy, Sierra Club, Earth Island Institute, and California Native

25 Plant Society have brought suit in this Court alleging that the United States Forest Service's

26 decision to authorize the Kings River Project in the Sierra National Forest violates the National

27 Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"), and the National Forest

28 Management Act, 16 U.S.C. § 1604 ("NFMA").  Compl. ¶¶ 50-95.

1     The Kings River Project is in a portion of the Sierra National Forest located in Fresno

2   County, within the jurisdiction of the United States District Court for the Eastern District of

3   California.  The Final Environmental Impact Statement ("FEIS") for the Kings River Project was

4   prepared in Prather, California in Fresno County in the Eastern District of California, and the

5   Record of Decision ("ROD") approving the Kings River Project was signed at the Forest

6   Supervisor's office in Clovis, California, which is also in the Eastern District.  The documents

7   that will form the administrative record and the Forest Service employees who will assist in the

8   defense of the case are located at the Ranger District in Prather, California, which is in the

9   Eastern District of California and is approximately 200 miles from San Francisco, California.  In

10   addition, administrative appeals of the Kings River Project were processed and decided at the

11   Forest Service Regional Office for the Pacific Southwest Region located in Vallejo, California,

12   which is in Solano County and also within the Eastern District of California.  See 28 U.S.C. § 84.

13   According to the excerpts of the FEIS submitted by Defendants, the purposes of the Kings River

14   Project include reducing fire risk to surrounding local communities in the Eastern District of

15   California.

16     Plaintiffs are several nonprofit environmental organizations, all of whom are located or

17   maintain offices in the Eastern District of California.  Plaintiff Sierra Club maintains an office in

18   Sacramento, in the Eastern District of California.  See

19   http://www.sierraclub.org/field/index.asp#CA/NV/HI.  The Tehipite Chapter of the Sierra Club,

20   located in Fresno County, participated in the NEPA process and administratively appealed the

21   Kings River Project.  See  http://www.fs.fed.us/r5/ecoplan/appeals/2007/fy07-0018.htm (decision

22   on Tehipite Chapter Appeal).  See also http://tehipite.sierraclub.org/index.html (Tehipite Chapter

23   website).  Plaintiff Earth Island Institute's John Muir Project – which participated in the NEPA

24   process for the Kings River Project – is located in Cedar Ridge, California, within the Eastern

25   District.  http://www.johnmuirproject.org/contact.html.  Plaintiffs Sierra Forest Legacy and

26   California Native Plant Society each maintain an office in Sacramento, in the Eastern District.

27   See http://www.sierraforestlegacy.org/Contact.html; http://www.cnps.org/cnps/about/.

28

1                                **LEGAL STANDARD**

2          Defendants' motion to transfer is brought under 28 U.S.C. § 1404(a).  Section 1404(a)

3    provides  that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district

4    court may transfer any civil action to any other district or division where it might have been

5    brought."  The Court has broad discretion to adjudicate a motion to transfer venue.  Jones v. GNC

6    Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000);  Inherent.com v. Martindale-Hubbell, 420 F.

7    Supp. 2d 1093, 1098 (N.D. Cal.  2006).

8                                  **ANALYSIS**

9          District courts use a two-step analysis to determine whether a case should be transferred.

10   First, the Court considers whether the case could have been brought in the forum to which

11   transfer is sought.  28 U.S.C. § 1404(a); see Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th

12   Cir. 1985); Inherent.com, 420 F. Supp. 2d at 1098.  Second, the Court makes an "individualized

13   case-by-case consideration of convenience and fairness."  Jones, 211 F.3d at 498.

14   **A.       This Case Could Have Been Brought in the Eastern District of California**

15         28 U.S.C. § 1404(a) requires that the district to which transfer is sought be a "district or

16   division where [the case] might have been brought."  Where the case "might have been brought"

17   is determined by 28 U.S.C. § 1391(e), which provides that in suits against agencies of the United

18   States, venue is proper in "any judicial district in which (1) a defendant in the action resides, (2) a

19   substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff

20   resides . . . ."  Id.

21         Plaintiffs here might have properly brought their NEPA and NFMA claims in the Eastern

22   District of California on any number of bases under 28 U.S.C. § 1391(e).  For example, the Kings

23   River Project is located in the Sierra National Forest, which lies entirely within the Eastern

24   District of California, and all of the communities to be benefitted by the reduced fire risk are

25   located in the Eastern District of California.  Therefore, that is "the judicial district in which . . . a

26   substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C.

27   § 1391(e)(2).

28         Additionally, Plaintiffs' NEPA and NFMA claims could have been brought in the Eastern

                                    - 3 -

1   District of California because it is a "judicial district in which [] a defendant in the action resides .

2   . . ." 28 U.S.C. § 1391(e)(1).  The Ranger District where the Kings River Project was prepared is

3   in Prather, California, and the relevant Regional Office of the Forest Service is in Vallejo,

4   California.  Thus, the Forest Service is considered to reside in the Eastern District of California.

5         Because all of the relevant events and information are found there, this case "might have

6   been brought" in the Eastern District of California.  As a result, the Court has power to transfer

7   the case there.  28 U.S.C. § 1404(a).

8   **B.      The Interests of Justice and the Convenience of the Parties Weigh in Favor of Transfer**

9

10        The factors a court considers in deciding whether the court should grant the transfer

11  motion are where the operative facts occurred, the convenience of the parties, the convenience of

12  the witnesses, the relative ease of access to the sources of proof, the plaintiff's choice of forum, a

13  forum's familiarity with governing law, trial efficiency, and the interests of justice.  Jones, 211

14  F.3d at 498; see Klamath Siskiyou Wildlands Center v. U.S. Forest Service, No. C-04-1066 JCS,

15  slip op. (N.D. Cal. July 15, 2004) (transferring case from Northern District of California to

16  Eastern District of California for convenience of the witnesses and parties and because all the

17  events giving rise to suit occurred in Eastern District); United States v. Covenant Care, Inc., 1999

18  WL 760610 at 1 (N.D. Cal. Sept. 21, 1999) (same); Garcia v. Allstate Ins. Co., 1996 WL 601689

19  at 1 (N.D. Cal. Oct. 9, 1996) (same); see also Nat'l Computer Ltd. v. Tower Indus., Inc., 708 F.

20  Supp. 281 (N.D. Cal. 1989) (transferring case from Northern District of California to Central

21  District of California for convenience of witnesses and because the dispute does not involve a

22  controversy of particular interest to the Northern District); Bell v. U.S. Forest Serv., 385 F. Supp.

23  1135, 1137 (N.D. Cal. 1974).  Where the operative facts did not occur in plaintiffs' chosen forum

24  and the forum does not have a particular interest in the parties or the dispute, then plaintiffs'

25  choice of forum is entitled to minimal consideration.  Lou v. Belzberg, 834 F.2d 730, 739 (9th

26  Cir. 1987); Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal.

27  2002) (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).

28

**1.    There is a Compelling Public Interest in Having Land Management Decisions Heard Where the Land is Located**.

There is a compelling public interest in having land management decisions heard in the jurisdiction where the land is located.  <u>Klamath Siskiyou Wildlands Center v. U.S. Forest Serv.</u>, No-04-1066 at * 6  (slip op. N.D. Cal. July 15, 2004); <u>S. Utah Wilderness Alliance v. Norton</u>, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) ("Land is a localized interest because its management directly touches local citizens." ); <u>Trout Unlimted v. U.S. Dep't of Agric.</u>, 944 F. Supp. 13, 19 (D. D.C. 1996) (noting disputes "should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affected by the suit . . . .'"); <u>Citizen Advocates for Responsible Expansion, Inc., v. Dole</u>, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (transferring case to Texas from Washington, D.C. because highway proposal was uniquely local concern)

Here, the parties do not dispute that the Kings River Project is located entirely within the Eastern District of California.  The portions of the Kings River Project Environmental Impact Statement submitted by Defendants in support of their motion indicate a strong and particularized local interest in the project.

The Court therefore finds that the localized interest in the land affected by the project weighs strongly in favor of transfer to the Eastern District the Eastern District of California.

**2.    The Convenience of the Witnesses and Parties**

This case will be reviewed under the Administrative Procedure Act on the basis of an administrative record and without witness testimony.  5 U.S.C. § 706; <u>Camp</u>, 411 U.S. at 142. Thus, convenience of witnesses "has less relevance because this case involves judicial review of an administrative decision." <u>Trout Unlimited</u>, 944 F. Supp. at 18.   While the convenience of witnesses is of reduced importance, that fact remains that: "[c]ontroversies should be resolved in the locale where they arise.  This policy rationale applies equally to the judicial review of an administrative decision which will be limited to the administrative record." <u>Id.</u> at 19.

**3.    Transfer will not Inconvenience or Prejudice Plaintiffs.**

Plaintiffs would not be inconvenienced by transfer to the Eastern District of California. "Deference to a plaintiffs' forum choice is diminished where . . . transfer is sought to the

1  plaintiffs' resident forum." Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.,

2  226 F. Supp. 2d 227, 230 (D.D.C. 2002) (internal quotation marks and citation omitted); see

3  Panetta v. SAP America, Inc., 2005 WL 1774327 (N.D. Cal. July 26, 2005).  Plaintiffs each

4  maintain an office in the Eastern District of California.  Thus, transfer to the Eastern District

5  would not be an inconvenience to Plaintiffs.

6          Nor will Plaintiffs be prejudiced by transfer.  The Eastern District of California routinely

7  hears these types of environmental cases involving projects on National Forests, and thus has

8  familiarity with the governing law.  See, e.g., Sierra Nevada Forest Prot. Campaign v. Tippin,

9  Case No. S06-351-FCD-DAD, 2006 WL 2583036 (E.D. Cal. Sept. 6, 2006); Klamath-Siskiyou

10 Wildlands Ctr. v. U.S. Forest Serv., Case No. 2:05-CV-299-MCE-PAN, 2006 WL 1991404 (E.D.

11 Cal. July 14, 2006); Sierra Club, Inc. v. Bosworth, Case No. 2:04-CV-2114-GEB-DAD, 2005 WL

12 2281074 (E.D. Cal. Sept. 16, 2005).  Moreover, no substantial proceeding have occurred in this

13 district, so that transfer will not delay resolution of this case.

14         The Court concludes Plaintiffs will not be inconvenienced or prejudiced by the transfer of

15 this case.

16         **4.      This Case is not Related to Other Cases in the Northern District**

17         In opposing transfer of this matter, Plaintiffs asserted that this case is related to previous

18 litigation before Judge Breyer in the Northern District.  On June 15, 2007, Judge Breyer issued an

19 order finding this case is not related to the prior litigation before him.  See Doc. No. 18.  The

20 asserted relationship between this case and another matter in the Northern District therefore does

21 not give the Northern District any particular interest in this project.

22         **5.      Judicial Efficiency will not be Impaired by the Transfer of this Case**

23         Plaintiffs assert that transfer to the Eastern District might "impair judicial efficiency by

24 resulting in slower resolution of this matter."  While docket congestion may be considered in

25 determining whether to transfer venue, such administrative concerns are to be afforded "little

26 weight." Amini Innovation Corp. v. JS Imports, Inc., --- F.Supp.2d ----, 2007 WL 1597942, *14

27 (C.D.Cal. 2007) citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335 (9th Cir.1984).  See

28 also Royal Queentex Enterprises v. Sara Lee Corp., 2000 WL 246599, *8 (N.D.Cal. 2000)

1   ("Relative court congestion is at best, a minor factor in the section 1404 calculus."); Dorfman v.

2   Jackson, 2005 WL 2176900, *9 (N.D. Cal. 2005) ("The factor of relative docket congestion

3   would probably favor Montana, although *this factor is not an important one*.") (emphasis added).

4   Indeed, docket congestion should play a role in changing venue, only where "the backlogs in the

5   two courts are so totally disproportionate that it is obvious that time to trial would be radically

6   longer in the court initially selected by plaintiff."  Gintz v. Jack in the Box, Inc., 2007 WL

7   397306, *4 (N.D. Cal. 2007).

8        Here, there is no evidence that it will take "radically longer" for this case to be heard in

9   the Eastern District than in the Northern District.  Id.  Plaintiffs suggest the median time for

10  resolution of civil disputes is two and half months longer in the Eastern District than in the

11  Northern District.   Such a minor differential does not suggest transfer will impair judicial

12  efficiency, and Courts have rejected attempts to base transfers on similar minor differentials.  See,

13  e.g., Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799 (C.D. Cal. 2006) (holding 1.7 month

14  longer median time to resolve cases "is insubstantial and does not warrant a transfer of venue");

15  Guthy-Renker Fitness v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 273 (C.D. Cal.1998)

16  (holding that a difference of two months in median time to trial did not warrant transfer).

17       The Court finds judicial efficiency will not be impaired by the transfer of this case.

18                                          **CONCLUSION**

19       Accordingly, the Court GRANTS Defendants' motion to transfer venue to the Eastern

20  District of California.

21

22       IT IS SO ORDERED.

     DATED:                                    _____
23                                             Saundra Brown Armstrong
                                               United States District Judge
24

25

26

27

28