MICHAEL R. SHERWOOD, State Bar No. 63702
GEORGE M. TORGUN, State Bar No. 222085
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
(510) 550-6725

MICHAEL GRAF, State Bar No. 136172
Law Offices
227 Behrens Street
El Cerrito, CA 94530
(510) 525-7222

Attorneys for Plaintiffs Sierra Forest Legacy, Sierra Club,
and California Native Plant Society

RACHEL M. FAZIO, State Bar No. 187580
John Muir Project
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

Attorney for Plaintiff Earth Island Institute

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIERRA FOREST LEGACY, SIERRA CLUB, EARTH ISLAND INSTITUTE, and CALIFORNIA NATIVE PLANT SOCIETY, non-profit organizations, <br><br> Plaintiffs, <br><br> v. <br><br> BERNARD WEINGARDT, in his official capacity as Regional Forester, Region 5, United States Forest Service, EDWARD COLE, in his official capacity as Forest Supervisor, Sierra National Forest, United States Forest Service, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture, <br><br> Defendants. | Case No: C 07-2646 SBA <br><br> [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE |

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE – C 07-2646 SBA

This case involves a challenge to a decision by defendants Bernard Weingardt, *et al.* ("defendants") to approve the Kings River Project ("Project"), which authorizes logging, herbicide treatments, and prescribed fire on 131,500 acres within Sierra National Forest. Plaintiffs Sierra Forest Legacy, *et al.* ("plaintiffs") allege that defendants' approval of the Project violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604. On June 1, 2007, defendants filed a Motion to Transfer Venue ("Motion"), seeking to move this action to the United States District Court for the Eastern District of California. Docket No. 11. Plaintiffs filed their opposition to this Motion on June 14, 2007. Docket No. 17.

Federal law provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). *See also Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1089 (N.D. Cal. 2002) (a court must consider "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice"). If more than one appropriate venue exists, a court must make its decision based upon an "individualized, case-by-case determination of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In doing so, the court "considers the private and public factors which might weigh in favor of each of these alternate venues and measures these assets against those of the plaintiffs' chosen forum, the Northern District of California." *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 538 (N.D. Cal. 2005). A plaintiff's choice of forum is entitled to substantial deference, and "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").

In this case, defendants have failed to make a strong showing that the convenience of the parties and witnesses and the interests of justice would be better served by transferring this case from plaintiffs' chosen forum to the Eastern District of California. There is no dispute that the Northern

1  District is an appropriate forum for this case pursuant to the venue provisions in 28 U.S.C. §
2  1391(e).  The fact that plaintiffs maintain offices in both the Northern and Eastern Districts does not
3  weigh in favor of transferring this case, especially in opposition to plaintiffs' chosen forum.
4  Moreover, federal agencies and officials such as defendants are regularly sued and defend actions in
5  district courts all over the country, and defendants have failed to make a strong showing that the
6  Eastern District would be more convenient for the parties compared to this Court.  *See Van Dusen v.*
7  *Barrack*, 376 U.S. 612, 646 (1964) ("Section 1404(a) provides for transfer to a more convenient
8  forum, not to a forum likely to prove equally convenient or inconvenient").
9      The convenience of the witnesses and access to documents is also not a relevant
10 consideration here, since this case will be reviewed under the Administrative Procedure Act, 5
11 U.S.C. § 706, on the basis of an administrative record that defendants will make readily available to
12 the parties and the Court.  *See Pacific Coast Fed'n of Fishermen's Ass'ns v. Gutierrez*, 2006 WL
13 194507, *3 (N.D. Cal. Jan. 24, 2006) (finding that "in environmental cases involving challenges to
14 an administrative record, many of the factors are not applicable, in part because there is no
15 evidentiary hearing or presentation of witnesses").  Finally, the interests of justice do not warrant a
16 transfer given the strong public interest in California and nationwide regarding the federal
17 government's management of our national forest lands, s*ee, e.g., California ex rel. Lockyer v. U.S.*
18 *Dept. of Agric.*, 459 F. Supp. 2d 874, 914 (N.D. Cal. 2006) (finding "a strong 'public interest in
19 preserving our national forests in their natural state'"), as well as the likelihood of delay that would
20 result from the severe congestion in the Eastern District's docket.  Accordingly, defendants have
21 failed to satisfy their heavy burden to upset plaintiffs' choice of forum, and the Motion to Transfer
22 Venue is hereby DENIED.
23
24 IT IS SO ORDERED.
25 DATED:
26                                                     _____
27                                                     Saundra Brown Armstrong
                                                       United States District Judge
28