**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

SIERRA FOREST LEGACY, *et al.*,

    Plaintiffs,

v.

BERNARD WEINGARDT, *et al.*,

    Defendants.

No. C 07-2646 SBA

**ORDER**

Defendants Bernard Weingardt (Regional Forester, Region 5, United States Forest Service), Edward Cole (Forest Supervisor, Sierra National Forest, U.S. Forest Service), Abigail R. Kimbell (Chief of the U.S. Forest Service), and the United States Forest Service, have filed a motion to transfer venue to the United States District Court for the Eastern District of California [Docket No. 11]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion to transfer venue is GRANTED.

**BACKGROUND**

Plaintiffs Sierra Forest Legacy, Sierra Club, Earth Island Institute, and California Native Plant Society are alleging that the U.S. Forest Service's decision to authorize the Kings River Project in the Sierra National Forest violates the National Environmental Policy Act, the National Forest Management Act, and the Administrative Procedure Act. *See* Docket No. 1 (Compl.). The Kings River Project aims to restore historical pre-1850 forest conditions across a portion of the Sierra National Forest located in Fresno County, which is within the Eastern District. *See* Docket No. 11, Exs. 1, 2. The Project seeks to preserve critical wildlife habitat, increase the number of large trees, reduce tree density, and protect communities from wildfire. *Id.* The plaintiffs allege that the Project was approved without full consideration of its wildfire risk and environmental impact on endangered species, and that the defendants failed to respond to scientific information and public comments regarding the Project's

impact, and also failed to ensure the viability and distribution of certain endangered species.

**LEGAL STANDARDS**

Title 28 U.S.C. § 1404(a) declares that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A determination of whether an action should be transferred is a two-step analysis. First, the court must determine whether the action "might have been brought" in the potential transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If so, then the court makes an "individualized, case-by-case determination of convenience and fairness," weighing (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). In weighing these factors, the court may take into account: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *GNC Franchising, Inc.*, 211 F.3d at 498-99. The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Carolinas Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

**ANALYSIS**

**1.    Propriety of Venue in the Eastern District**

Where this action "might have been brought" is determined by 28 U.S.C. § 1391(e), which states that in civil actions against United States agencies, venue is proper in any district in which: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) the

2

plaintiff resides if no real property is involved in the action. There is no dispute between the parties that this action might have been brought in the Eastern District of California. Venue lies in the Eastern District because the Kings River Project, all of the property that is the subject of this action, is situated within that district. Additionally, the Ranger District where the Kings River Project was prepared, and the relevant Regional Office of the U.S. Forest Service are within the district. Therefore, the Eastern District is an appropriate venue under 28 U.S.C. § 1391(e).

**2.     Weighing of Factors**

**A.     The Plaintiffs' Choice of Forum**

Having successfully cleared the initial hurdle of demonstrating an alternative forum, the Court weighs the various factors for transfer. In the usual case, unless the balance of the section 1404(a) factors weigh heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Securities Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (same).

The Northern District of California has no particular interest in the subject matter of this action. The Kings River Project is in the Eastern District and the impact of the project, positive or otherwise, will be felt by the citizens and the environment within that district, and at most, only indirectly in the Northern District of California. The only interest cited by the plaintiffs is that "there is a strong public interest in California and nationwide regarding the federal government's management of our national forest lands." Docket No. 17, at 5. This generalized interest is presumably, however, equally existent in the Eastern District. Moreover, as noted by the court in *Center for Biological Diversity & Pac. Env't v. Kempthorne*, 2007 WL 2023515, at *6 (N.D. Cal. 2007), "widespread concern does not by itself resolve the question of which of the proposed federal forums is the most appropriate."

3

1    Because the operative facts relate to the federal management of land in the Eastern District of
2 California, and because the Northern District has no particular interest in the subject matter of this
3 action, the Court finds that the plaintiffs' choice of forum is entitled to only minimum consideration.
4 This leaves the statutory factors of the convenience of the parties, convenience of the witnesses, and the
5 interest of justice.

### B. Convenience of the Parties

Each of the plaintiffs maintains an office in the Eastern District of California. Many, or all, of the plaintiffs are frequent litigants in the Eastern District of California. Thus, there is little suggestion that the plaintiffs would be particularly inconvenienced by a transfer to that district, nor have the plaintiffs highlighted any particular inconvenience to them in having this matter heard there.

### C. Convenience of the Witnesses

The convenience of the witnesses is not a factor in this action. Environmental cases such as this one are typically resolved by the district court examining the administrative record in deciding cross-motions for summary judgment. *See Center for Biological Diversity & Pac. Env't*, 2007 WL 2023515, at *5 (N.D. Cal. 2007). Thus, "in environmental cases involving challenges to an administrative record, many of these factors [such as convenience of the witnesses] are not applicable, in part because there is no evidentiary hearing or presentation of witnesses." *Pacific Coast Fed'n v. Gutierrez*, 2006 WL 194507, at *3 (N.D. Cal. 2006); *see also Nez Perce Tribe v. National Oceanic & Atmospheric Admin. Fisheries*, 2004 WL 1179333, at *2 (D. Or. 2004).

### D. The Interest of Justice

The prime remaining factor in determining whether transfer should be granted is the interest of justice. "[I]n most environmental cases, the issue of which federal district should adjudicate the issues is determined by weighing a plaintiff's choice of forum against the competing interest in 'having localized controversies decided at home.'" *Kempthorne*, 2007 WL 2023515, at *5 (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Indeed, many district courts deciding environmental actions have found transfer to be appropriate largely on the basis of the local interest factor alone. *Kempthorne*, 2007 WL 2023515, at *6 (transferring action to the District of Alaska because the case

4

concerned the environmental impact of oil and gas industry activities off the coast of Northern Alaska); *Nez Perce Tribe*, 2004 WL 1179333, at *3 (transfer to Idaho was appropriate where Idaho, its citizens, and residents of the Nez Perce reservation had a strong interest in resolving land management issues close to home); *Southern Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) (applying the local interest factor in finding that transfer to Utah was appropriate for a case involving an agency decision on federal lands in Utah and noting that "[l]and is a localized interest because its management directly touches local citizens"). *Klamath-Siskiyou Wildlands Ctr. v. U.S. Forest Serv.*, C-04-1099, at 6-7 JCS (N.D. Cal. July 15, 2004) (granting transfer of venue from this district to the Eastern District because of its local interest in the controversy of logging timber in the Klamath National Forest); *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19 (D.D.C. 1996) (court transferred to Colorado case involving "water rights, environmental regulation, and local wildlife" on National Forest land in Colorado); *see also* 15 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3854 (3d ed. 2007) (noting that, especially in environmental cases, "[a]n additional reason for litigating in the forum that encompasses the locus of operative facts is the local interest in having local controversies resolved at home . . . .").

Because the Kings River Project involves land entirely within the Eastern District, and one of its aims is reducing wildfire risk to communities in the district, the Eastern District has a strong local interest in the resolution of this controversy. Therefore, this factor weighs heavily in favor of transfer to that district.

### E. Other Factors

The plaintiffs argue that transfer to the Eastern District will impair judicial efficiency. The plaintiffs base this statement on federal court management statistics showing the median time for resolutions of civil suits brought in the Eastern District is more than two and a half months longer than that in the Northern District. However, docket congestion is a factor of little weight, and plays a role only when the backlogs between the two courts are significantly disproportionate. *See, e.g., Gintz v. Jack in the Box, Inc.*, 2007 WL 397306, at *4 (N.D. Cal. 2007) (finding that relative court congestion only plays a role if the time to trial is radically longer in the court initially selected by the plaintiff);

*Dorfman v. Jackson*, 2005 WL 2176900, at *9 (N.D. Cal. 2005) ("The factor of relative docket congestion . . . is not an important one"). The two and a half month difference is not significantly disproportionate.

The significance of the local interest factor, particularly in environmental actions such as this case, heavily outweighs the plaintiffs' choice of forum given this district's limited interest in the Kings River Project. This action concerns the Sierra National Forest, which is completely within the Eastern District. The residents who will be affected by the Kings River Project, whether positively or negatively, live in the Eastern District. Therefore, the Eastern District is a more appropriate venue for this action.

## CONCLUSION

Accordingly, the Court GRANTS the defendants' motion to transfer venue to the United States District Court for the Eastern District of California [Docket No. 11]. This action is hereby transferred to the United States District Court for the Eastern District of California. The Clerk of Court is directed to transfer the file to that district accordingly.

IT IS SO ORDERED.

October 17, 2007

_____
Saundra Brown Armstrong
United States District Judge

6